# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

WOONASQUATUCKET RIVER
WATERSHED COUNCIL, *et al.*,

*Plaintiffs*,

v.

DEPARTMENT OF AGRICULTURE, *et al.*,

*Defendants*.

Case No. 1:25-cv-00097-MSM-PAS

## PLAINTIFFS' MOTION FOR EXPEDITED BRIEFING SCHEDULE

Today, March 17, Plaintiffs filed a motion for preliminary injunction seeking to remedy the imminent and irreparable harm they are currently suffering, and will continue to suffer, from Defendants' freeze on funding appropriated under the Inflation Reduction Act and Infrastructure Investment and Jobs Act. As set forth more fully in Plaintiffs' motion for preliminary injunction, Plaintiffs and their members have been forced to shutter programs and reduce their services—impeding their organizational missions—already. *See* ECF No. 26, at 29–31. And several plaintiffs are only weeks away from having to lay off staff. *Id.* at 31–32. If they must wait for the duration of a regular briefing schedule—three weeks of briefing, not counting whatever time the Court requires to issue an opinion, *see* Local Civil Rule 7(a)(3), (4)—those avoidable additional harms will likely come to pass.

Plaintiffs therefore respectfully request that this Court enter an expedited briefing schedule, providing Defendants seven days to respond to the motion for

1

preliminary injunction, and Plaintiffs three days to reply. This schedule is not only reasonable under the circumstances, it is consistent with default preliminary briefing schedules adopted in other federal district courts in which the parties practice. *See, e.g.*, Local Civil Rule 65.1(c) (D.D.C.). Furthermore, the government is already familiar with many of the issues and arguments raised in Plaintiffs' motion as a result of widespread litigation, in this District and numerous others, resulting from the government's decisions and actions to halt various federal funding streams.

Before filing this motion, Plaintiffs e-mailed the three Assistant Directors for the Federal Programs Branch of the Department of Justice and the Civil Division Chief for the U.S. Attorney's Office for the District of Rhode Island to provide actual notice of this motion, attaching their as-filed amended complaint[1] and asking for their position on this motion. The government has stated that its position on this request is:

> Defendants do not believe expedition is warranted, but have nonetheless proposed a shortened briefing schedule that is reasonable under the circumstances. Specifically, counsel for Defendants learned of this lawsuit on March 17, 2025, when Plaintiffs' counsel e-mailed a copy of their Amended Complaint and communicated their intent to file a motion for a preliminary injunction that same day. According to Plaintiffs' Amended Complaint, their harms began occurring approximately eight weeks ago in January, yet they waited until mid-March to file their motion for emergency relief, and they now seek to compel Defendants to respond in only seven days. Counsel for Defendants offered to agree to a shortened briefing schedule, with Defendants' response due on Thursday,

---

[1] Plaintiffs will also proceed to serve Defendants as required under Rule 4 and file proof of service with the Court.

2

March 27, and Plaintiffs' reply due on Monday, March 31st, which would allow Plaintiffs' motion to be fully briefed only two business days later than their preferred timeline. Plaintiffs have not articulated any specific reason why briefing must be completed by March 27 (as they propose) rather than March 31 (as Defendants propose). And given that Plaintiffs were willing to wait several weeks to file their motion for emergency relief, there is no apparent reason why they will be meaningfully prejudiced by allowing Defendants ten days (rather than seven days) to oppose their motion. Thus, Defendants respectfully request ten days to file their opposition (until March 27, 2025), which Defendants believe is both reasonable and fair to all parties.

Dated: March 17, 2025　　　　　Respectfully submitted,

/s/ Miriam Weizenbaum

Miriam Weizenbaum (RI Bar No. 5182)
DeLuca, Weizenbaum, Barry & Ravens
199 North Main Street
Providence, RI 02903
(401) 453-1500
miriam@dwbrlaw.com

Kevin E. Friedl* (Admitted only in New York; practice supervised by DC Bar members)
Jessica Anne Morton* (DC Bar No. 1032316)
Robin F. Thurston* (DC Bar No. 1531399)
Skye L. Perryman* (DC Bar No. 984573)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kfriedl@democracyforward.org
jmorton@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

* admitted *pro hac vice*

## CERTIFICATE OF SERVICE

On March 17, 2025, I caused the foregoing and accompanying proposed order to be served by certified mail on Defendants, the Attorney General, and the U.S. Attorney's Office for the District of Rhode Island at the below addresses. On the same day, I further caused these documents to be served via email on Daniel Schwei, of the Department of Justice, who has represented himself as the appropriate contact for this case.

Department of Agriculture and
Secretary Brooke Rollins
U.S. Department of Agriculture
1400 Independence Ave., S.W.
Washington, DC 20250

Department of Energy and
Secretary Chris Wright
1000 Independence Ave., SW
Washington, DC 20585

Department of the Interior and
Secretary Doug Burgum
1849 C Street, N.W.
Washington DC 20240

Environmental Protection Agency
and Administrator Lee Zeldin
1200 Pennsylvania Avenue, N.W.
Washington, DC 20460

Department of Housing and Urban
Development and Secretary Scott
Turner
451 Seventh Street, S.W.
Washington, DC 20410

Office of Management and Budget
and Director Russell Vought
725 17th Street, NW
Washington, DC 20503

Attorney General Pam Bondi
Department of Justice
950 Pennsylvania Avenue, NW,
Washington, DC 20530

Director Kevin Hassett
National Economic Council
1600 Pennsylvania Ave NW
Washington, DC 20500

United States Attorney's Office
District of Rhode Island
One Financial Plaza, 17th Floor
Providence, RI 02903


/s/ Miriam Weizenbaum
Miriam Weizenbaum