# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WOONASQUATUCKET RIVER WATERSHED COUNCIL, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DEPARTMENT OF AGRICULTURE, *et al.*, <br><br> *Defendants*. | Case No. 1:25-cv-00097-MSM-PAS |

## NOTICE OF FILING OF REVISED PROPOSED ORDER

Per the Court's instructions at the April 3 hearing on Plaintiffs' motion for a preliminary injunction, and after receiving feedback on the draft from opposing counsel, Plaintiffs hereby submit a revised proposed order, reflecting in redline the changes made from the previously submitted proposed order, *see* ECF No. 26-14.

In response to the draft revised proposed order, counsel for Defendants reiterated the view that the order should specify that it does not prevent Defendants "from making funding decisions in situations under the Executive's actual authority in the applicable statutory, regulatory, or grant terms." Plaintiffs maintain that such language is unnecessary, because the order by its terms would not bar Defendants from taking lawful actions with respect to funding, so long as they do not violate the proposed injunction against continuing to broadly freeze IRA and IIJA funding on a non-individualized basis. Plaintiffs further maintain that Defendants' proposed language would create confusion, not clarity, and would substantially undermine the

1

proposed order by seeming to authorize Defendants to resume taking arbitrary and capricious action with respect to IRA and IIJA funding, so long as that action did not violate a specific statutory, regulatory, or grant term.

Indeed, the government recently sought to rely on similar language in the preliminary injunction order Judge McConnell entered in *New York v. Trump*, arguing that such language meant FEMA could continue to maintain "a categorical freeze on funding" so long as it did so "on the basis of the agency's own authorities." Defs.' Opp'n to Mot. to Enforce at 10–12, No. 1:25-cv-00039 (D.R.I. Mar. 27, 2025), ECF No. 172. Although Judge McConnell ultimately rejected that gambit, *see* Mem. and Order, *New York v. Trump*, ECF No. 175, it demonstrates the potential for confusion and even evasion that Defendants' proposed language would create.

Dated: April 4, 2025

Respectfully submitted,

/s/ Miriam Weizenbaum

Miriam Weizenbaum (RI Bar No. 5182)
DeLuca, Weizenbaum, Barry & Revens
199 North Main Street
Providence, RI 02903
(401) 453-1500
miriam@dwbrlaw.com

Kevin E. Friedl* (Admitted only in New York; practice supervised by DC Bar members)
Jessica Anne Morton* (DC Bar No. 1032316)
Robin F. Thurston* (DC Bar No. 1531399)
Skye L. Perryman* (DC Bar No. 984573)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kfriedl@democracyforward.org
jmorton@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

* admitted *pro hac vice*

## CERTIFICATE OF SERVICE

On April 4, 2025, I caused the foregoing and accompanying materials to be served on all Defendants through the CM/ECF system.

/s/ Miriam Weizenbaum
Miriam Weizenbaum