UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WOONASQUATUCKET RIVER WATERSHED COUNCIL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF AGRICULTURE, *et al.*, <br><br> Defendants. | Civil Action No. 1:25-cv-97 (MSM) |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' NOTICE OF REVISED PROPOSED ORDER

Defendants respectfully submit this response to Plaintiffs' Notice of Revised Proposed Order, ECF No. 37. Defendants continue to maintain that no relief is appropriate here, for all of the reasons discussed in their written opposition, ECF No. 31, and at the hearing on April 3, 2025. Additionally, any relief provided here should be substantially narrower than what Plaintiffs' proposed order requests. *See* ECF No. 31 at 56-61.

At a minimum, however, Defendants respectfully submit that the following language should be included in any preliminary injunction order:

> Nothing in this Order prevents the Defendants from making funding decisions in situations under the Executive's actual authority in the applicable statutory, regulatory, or grant terms.

This language is materially identical to language used by Chief Judge McConnell in his Memorandum Opinion and Order granting a preliminary injunction in *New York v. Trump*, No. 25-cv-39, 2025 WL 715621, at *16 (D. R.I. Mar. 6, 2025) ("The Court's

order does not prevent the Defendants from making funding decisions in situations under the Executive's 'actual authority in the applicable statutory, regulatory, or grant terms[.]'" (quoting an earlier Order in the case)).

The above language is critical for ensuring that agencies retain discretion to take lawful actions with respect to the funding at issue in this case. In the absence of such language, Plaintiffs' revised proposed order would require Defendants to "take immediate steps to resume the processing, disbursement, and payment of awarded funding appropriated under the Inflation Reduction Act and or Infrastructure Investment and Jobs Act[.]" That language could be construed as requiring Defendants to continue the "disbursement" and "payment" of awarded funding no matter what—*i.e.*, even if Defendants had some lawful basis for pausing the disbursement and payment of funding that is not challenged and wholly separate from the issues in this case, such as compliance concerns with particular grantees. This Court should not enter a broad injunction that would threaten to interfere with Defendants' undisputedly lawful activities, such as oversight of grantee compliance.

Plaintiffs do not offer any substantive reason why such language should be omitted from any injunction. Plaintiffs suggest that "such language is unnecessary" because "the order by its terms would not bar Defendants from taking lawful actions with respect to funding, so long as they do not violate the proposed injunction against continuing to broadly freeze IRA and IIJA funding on a non-individualized basis." ECF No. 37 at 1. But this assertion ignores that Plaintiffs' proposed order does not operate solely as a negative restraint—*i.e.*, enjoining implementation of categorical

freezes—and instead affirmatively *requires* the continued "disbursement" and "payment" of such funding. Particularly given those affirmative requirements, the Order likewise ought to be clarified to confirm that such affirmative commands are not to the detriment of agencies' other lawful activities.

Plaintiffs also suggest that the above language could be construed as "authoriz[ing] Defendants to resume taking arbitrary and capricious action with respect to IRA and IIJA funding, so long as that action did not violate a specific statutory, regulatory, or grant term." ECF No. 37 at 2. To the extent Defendants take some future action that Plaintiffs believe is arbitrary and capricious, Plaintiffs can seek whatever remedies may be available to them in response to such action. But this Court should not enjoin—under potential penalty of contempt—hypothetical future actions, as well as a broad swath of undisputedly lawful agency activities.

Currently, Plaintiffs' proposed order could be construed as unequivocally requiring the disbursement of all funding appropriated under the IRA and IIJA. Such an unequivocal, unqualified command would constitute a significant intrusion on agency discretion and other activities unchallenged in this case. Thus, consistent with Chief Judge McConnell's approach in *New York v. Trump*, any Order entered by this Court should include express language confirming that the Order does not prevent agencies from exercising their lawful authorities under applicable statutes, regulations, and grant terms, as suggested above.

Dated: April 8, 2025                      Respectfully submitted,

                                          YAAKOV M. ROTH
                                          Acting Assistant Attorney General

ALEXANDER K. HAAS
Director

*/s/ Daniel Schwei*
DANIEL SCHWEI
Special Counsel (N.Y. Bar)
ANDREW F. FREIDAH
EITAN R. SIRKOVICH
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel.:   (202) 305-8693
Fax:   (202) 616-8460
Email:   daniel.s.schwei@usdoj.gov

*Counsel for Defendants*

-5-

## CERTIFICATION OF SERVICE

      I hereby certify that on April 8, 2025, I electronically filed the within Certification with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System, thereby serving it on all registered users in accordance with Federal Rule of Civil Procedure 5(b)(2)(E) and Local Rule Gen 305.


                                      /s/ *Daniel Schwei*
                                      Daniel Schwei