IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WOONASQUATUCKET RIVER WATERSHED COUNCIL, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DEPARTMENT OF AGRICULTURE, *et al.*, <br><br> *Defendants*. | Case No. 1:25-cv-00097-MSM-PAS |

**NOTICE REGARDING STATUS OF COMPLIANCE**

Plaintiffs submit this notice in advance of the April 21 hearing to apprise the Court of recent developments bearing on Defendants' compliance with the Court's preliminary injunction order.

First, much IRA and IIJA funding awarded and administered by Defendants remains frozen and inaccessible. Defendants' April 16 status report merely stated that "counsel understands that the Defendant agencies—Energy, EPA, HUD, Interior, and USDA—are actively working through the process of resuming all appropriate funding disbursements pursuant to the Court's order." ECF No. 47, at 3. But Defendants did not explain when they expected to come into compliance, or even describe the means by which they will do so. And to the best of counsel's knowledge, all of Plaintiffs' and declarants' grants that were inaccessible as of the date of the Court's preliminary injunction order remain inaccessible—with one single exception,

1

the declarant in Plaintiffs' Exhibit R, ECF No. 26-9, who has regained access to a grant from the National Park Service since the Court's preliminary injunction.

The rest remains inaccessible and in at least one instance does not even appear in the ASAP funding portal used by many grantees to access funding. Further, and as documented in the attached email correspondence, Defendant EPA has continued to inform grantees even after the Court's preliminary injunction that "the agency is reviewing its awarded grants to ensure each is an appropriate use of taxpayer dollars and to understand how those programs align with Administration priorities. The agency's review is ongoing for this grant." Ex. 1. Moreover, as of the afternoon of April 19—one day *after* defense counsel "confirm[ed]" to Plaintiffs' counsel "that Interior has unpaused IRA/IIJA funding," Ex. 2, at 2–3—Defendant Interior has (a) continued to deny grantees access to such funding and (b) maintained the "BIL/IRA HOLD" code on funding that the Court specifically noted in its preliminary injunction decision, Ex. 3; *see also* ECF No. 45, at 26; Ex. Z, ECF No. 32-4, ¶ 8.

Second, Defendants Interior and USDA appear not to have complied with the Court's instructions that they provide written notice of the preliminary injunction to grantees awarded funding under the IRA and IIJA. Defendants' status report of April 16 acknowledged that "Defendants Interior and USDA have not yet provided written notification of the Court's Order." ECF No. 47, at 2. Counsel for Plaintiffs contacted counsel for Defendants on April 17, seeking confirmation that Interior and USDA had since issued the required notifications. *See* Ex. 2, at 1. On April 18, counsel for Defendants stated that Interior had posted a notice of the Court's order on a subpage

of its website listing "DOI Financial Assistance Policies and Guidance."[1] Counsel for Defendants offered no explanation why Interior could not provide written notice directly to grantees, as other agencies have done. Plaintiffs respectfully submit that Interior's web posting does not provide actual notice to grantees and thus does not satisfy either the letter or the spirit of the Court's instructions. Counsel for Defendants did not provide any further update with respect to USDA. As of this filing, USDA appears not to have issued the required notifications.[2]

Third, Defendants—and HUD, in particular—do not appear to have taken public steps to comply with the portion of the Court's order that refers to the "processing" of payments for funds that have already been awarded. The Court's order, of course, preliminarily enjoined Defendants "from freezing, halting, or pausing on a non-individualized basis the *processing* and payment of funding" that was appropriated under the IRA or IIJA and has already been awarded, and required Defendants to "take immediate steps to resume the *processing*, disbursement, and payment of already awarded funding appropriated under" those statutes." Mem. & Order at 61 (emphasis added). This distinction is particularly important for Plaintiff Codman Square Neighborhood Development Corporation, which has been awarded a

---

[1] https://www.doi.gov/grants/policies-and-guidance

[2] The notification HUD provided refers only to disbursements for Green and Resilient Retrofit Program awards. Plaintiffs respectfully submit that it would be appropriate, given this limiting construction, for HUD to confirm that it does not administer any other funding appropriated under the Inflation Reduction Act or Inflation Infrastructure and Investment Act.

3

grant by HUD, *see id.* at 8, but was told that HUD could not approve its closing because of the *Unleashing American Energy* executive order, *id.* at 11.

HUD's notice to grant recipients, however, referred only to "disbursements"—not to "processing." *See* ECF No. 47-3. And in their status report, Defendants state only that the Defendant agencies "are actively working through the process of resuming all appropriate funding disbursements pursuant to the Court's Order"—without mentioning "processing" at all. ECF No. 47, at 3. Concerned about this omission, Plaintiffs' counsel sought clarification on April 17, asking Defendants to confirm that they understood their obligation to include "processing," and that they would be taking immediate steps to resume the processing of already-awarded funding, including that of Codman Square NDC. *See* Ex. 2, at 1. Although defense counsel confirmed receipt of that e-mail, and responded to other questions that were posed, they have provided no answer at all on this point. *Id.* at 2–3.

Dated:  April 20, 2025                     Respectfully submitted,

/s/ Miriam Weizenbaum

Miriam Weizenbaum (RI Bar No. 5182)
DeLuca, Weizenbaum, Barry & Revens
199 North Main Street
Providence, RI 02903
(401) 453-1500
miriam@dwbrlaw.com

Kevin E. Friedl* (Admitted only in New York; practice supervised by DC Bar members)
Jessica Anne Morton* (DC Bar No. 1032316)
Robin F. Thurston* (DC Bar No. 1531399)
Skye L. Perryman* (DC Bar No. 984573)

        Democracy Forward Foundation
        P.O. Box 34553
        Washington, DC 20043
        (202) 448-9090
        kfriedl@democracyforward.org
        jmorton@democracyforward.org
        rthurston@democracyforward.org
        sperryman@democracyforward.org

        * admitted *pro hac vice*

## CERTIFICATE OF SERVICE

On April 20, 2025, I caused the foregoing and accompanying materials to be served on all Defendants through the CM/ECF system.

/s/ Miriam Weizenbaum<br>
Miriam Weizenbaum