UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WOONASQUATUCKET RIVER WATERSHED COUNCIL, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF AGRICULTURE, *et al.*,<br><br>Defendants. | Civil Action No. 1:25-cv-97 (MSM) |

### DEFENDANTS' SECOND STATUS REPORT REGARDING PRELIMINARY INJUNCTION

On April 15, 2025, this Court entered a preliminary injunction in the above-captioned matter and directed Defendants to file a status report regarding compliance by 5:00 p.m. the following day. *See* ECF No. 45 at 62, ¶ 8. Defendants submitted that status report, *see* ECF No. 47, after which the Court scheduled a chambers conference for Monday, April 21, 2025. *See* Text Order of Apr. 18, 2025.

During that chambers conference, the Court provided two material clarifications regarding the preliminary injunction Order. First, with respect to the requirement that agencies must "provide written notice of the Court's preliminary injunction to all grantees who have been awarded funds under the Inflation Reduction Act or the Infrastructure Investment and Jobs Act," ECF No. 45 at 62 ¶ 5, the Court stated that agencies that have not yet provided individualized written notice to grantees could instead provide notice through available websites that IRA/IIJA grantees are likely to access, such as agency websites and/or payment

-1-

portals. Second, in connection with undersigned counsel noting that some IRA/IIJA-appropriated grants may remain paused even after agencies implement the Court's Order due to pauses and/or terminations unrelated to the issues in this case, the Court stated that its Order does not allow agencies to rely on *post hoc* rationalizations to keep grants paused. Instead, the Order requires that all funds appropriated under the IRA/IIJA be unfrozen unless there was a pre-existing determination (from before entry of the preliminary injunction) to pause that funding on an individualized basis for some other, independent reason (apart from the fact that it was appropriated under the IRA/IIJA).

Following the chambers conference, undersigned counsel communicated the above clarifications to Defendants. Additionally, the Court directed Defendants to submit another status report regarding compliance by noon on Wednesday, April 23, 2025. *See* Text Order of Apr. 21, 2025. Defendants now respectfully submit this second status report regarding compliance, providing an update with respect to each of the relevant Defendant agencies.

**Energy.** The Department of Energy has already posted written notice of the injunction on a payment portal, *see* ECF No. 47-2, which Plaintiffs agreed was sufficient during the April 21 chambers conference. As also discussed during that chambers conference, Plaintiffs have not identified any IRA/IIJA-appropriated awards administered by Energy that remain paused. Currently, Energy is continuing to pay invoices for allowable costs submitted by recipients of IIJA/IRA-appropriated awards. For conditional awards that do not yet have approved,

allowable costs, Energy is still evaluating the extent to which those awards are currently being "process[ed]," and whether they constitute "already awarded funding" within the meaning of the Court's injunction. Energy estimates that, since entry of the Court's preliminary injunction on April 15, 2025, Energy has made payments of more than $50 million in IIJA-appropriated grants, and more than $56 million in IRA-appropriated grants.

**HUD.** The Department of Housing and Urban Development has likewise already provided written notice of the injunction to grantees. *See* ECF No. 47-3. As discussed during the April 21 chambers conference, that written notice was directed to awardees under the Green and Resilient Retrofit Program (GRRP) because that is the only IRA/IIJA-appropriated grant funding that HUD administers. Additionally, as discussed during the chambers conference, HUD is aware that several paragraphs in the Court's injunction are not limited only to "disbursements" and also apply to "processing" of already-awarded grants. *See, e.g.*, ECF No. 45 at 61-62, ¶¶ 2, 3.

For GRRP projects that have completed closing, HUD continues to disburse funds to such projects. HUD has resumed processing awarded GRRP loans/grants as it would in the ordinary course. With respect to Codman Square Neighborhood Development Corporation specifically, HUD has sent Codman Square Neighborhood Development Corporation an e-mail identifying next steps in the process. In general, HUD estimates that, since entry of the Court's preliminary injunction on April 15, 2025, it has disbursed approximately $194,000 to GRRP awardees.

**Interior.** The Department of Interior has posted written notice of the injunction on its agency website, available at https://www.doi.gov/grants/policies-and-guidance. Interior is still investigating the possibility of posting notice on a payment portal. Interior does not currently believe it can post the notice on the ASAP system, as Interior does not administer ASAP, but Interior is investigating whether it is possible to post notice on an alternative grant platform that grantees use and are familiar with.

Interior is also working through the process of unpausing IRA/IIJA grants subject to the Court's Order. Interior has identified approximately 464 grants covered by the Order and Interior is in the process of disbursing those payments, which they are seeking to do as expeditiously as possible. Interior does not presently have an estimate as to the amount of IRA/IIJA funding disbursed since entry of the preliminary injunction on April 15, 2025, but has confirmed that some IRA/IIJA funding has been unfrozen.

**USDA.** The Department of Agriculture had previously begun the process of providing individualized notice to grantees—a process that they expected to take a substantial amount of time—and, following the April 21 chambers conference, began evaluating the possibility of posting notice on websites as an alternative. If USDA determines it is unable to complete the process of providing individualized notices to grantees by Friday, April 25, USDA intends to post a notice on the agency website or on payment portals most likely to be accessed by IRA/IIJA grant recipients who have not already received the notice.

Additionally, USDA's leadership has instructed that IRA and IIJA-appropriated grants should be unfrozen, and grant management teams are working on implementing that instruction. In particular, USDA is working through a large number of payment requests, reviewing them in the normal course, and disbursing payments as those requests are approved. That process is continuing, and does not reflect a continued "pause" of IRA/IIJA-appropriated funds; rather, it reflects USDA's normal payment review process applied to a large number of payment requests. Even after USDA completes its review of all pending payment requests, however, there may be some IRA/IIJA-appropriated grants that remain paused, consistent with the Court's clarification above—*i.e.*, based on a pre-existing determination (from before entry of the preliminary injunction) to pause that funding on an individualized basis for some other, independent reason (apart from the fact that it was appropriated under the IRA/IIJA).

USDA does not currently have an estimate as to how much IRA/IIJA-appropriated funding has been disbursed since entry of the preliminary injunction on April 15. USDA has confirmed, however, that payment requests are being approved and payments are being made for IRA/IIJA-awarded grants.

**EPA.** The Environmental Protection Agency has already provided written notice of the injunction to grantees. *See* ECF No. 47-4. Additionally, as set forth in the attached declaration, EPA has not paused any grant recipient's funding, except for those grants that satisfy the criteria for the Court's clarification discussed above—*i.e.*, based on a pre-existing determination (from before entry of the preliminary

injunction) to pause that funding on an individualized basis for some other, independent reason (apart from the fact that it was appropriated under the IRA/IIJA). *See* Coogan Decl. (attached hereto) ¶¶ 6-7. Specifically, EPA decided to terminate each of those grants in connection with an individualized, grant-by-grant review process, with the decision to terminate occurring prior to entry of the preliminary injunction on April 15, 2025. *See id.* ¶¶ 3-5. Approximately 377 of the grantees have already received notices of their forthcoming termination, and EPA is working to send out notices of termination to the remaining approximately 404 grantees. *See id.* ¶ 5.

Although some grantees have not yet received their termination notices, because EPA made the decision to terminate those grants prior to entry of the preliminary injunction, Defendants respectfully submit that those grants may permissibly remain paused under the Court's Order, consistent with the Court's clarification set forth above—*i.e.*, because it is based on a pre-existing determination (from before entry of the preliminary injunction) to pause that funding on an individualized basis for some other, independent reason (apart from the fact that it was appropriated under the IRA/IIJA). To the extent Defendants have misunderstood the Court's Order or the clarification provided by the Court, however, Defendants respectfully request that the Court modify and/or further clarify the Order to allow for those grants to remain paused. As the attached declaration notes, although those grants are currently paused (thereby preventing drawdown of funds), EPA still intends to reimburse all costs incurred prior to the grant formally being

-6-

terminated.  *See* Coogan Decl. ¶ 8.  Thus, grantees will still receive reimbursement for all appropriate costs prior to termination.  Additionally, requiring EPA to unpause those funds now, prior to formally terminating the grants, could create a risk of recipients drawing down large amounts of their funding, which would be difficult to recoup.  *Id.* ¶ 9.  Accordingly, to the extent a modification of the Court's Order is necessary to allow EPA to continue pausing those grants that will soon be terminated based on a pre-existing, individualized determination to terminate them, Defendants respectfully submit that such a modification is warranted under these circumstances.

As also noted in the attached declaration, EPA has decided not to terminate a large volume of IRA/IIJA-appropriated grants, totaling approximately $67 billion.  *See id.* ¶ 4.


Dated: April 23, 2025                         Respectfully submitted,

                                              YAAKOV M. ROTH
                                              Acting Assistant Attorney General

                                              ALEXANDER K. HAAS
                                              Director

                                              */s/ Daniel Schwei*
                                              DANIEL SCHWEI
                                              Special Counsel
                                              ANDREW F. FREIDAH
                                              EITAN R. SIRKOVICH
                                              Trial Attorneys
                                              United States Department of Justice
                                              Civil Division, Federal Programs Branch
                                              1100 L Street NW
                                              Washington, DC 20530
                                              Tel.:   (202) 305-8693

Fax:     (202) 616-8460
Email:    daniel.s.schwei@usdoj.gov

*Counsel for Defendants*

## CERTIFICATION OF SERVICE

I hereby certify that on April 23, 2025, I electronically filed the within Certification with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System, thereby serving it on all registered users in accordance with Federal Rule of Civil Procedure 5(b)(2)(E) and Local Rule Gen 305.

/s/ Daniel Schwei
Daniel Schwei