UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WOONASQUATUCKET RIVER WATERSHED COUNCIL, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF AGRICULTURE, *et al.*,<br><br>Defendants. | Civil Action No. 1:25-cv-97 (MSM) |

**DECLARATION OF CARA WHITEHEAD**

I, Cara Whitehead, hereby declare as follows:

1. I am the Director of the Office of Grants Management for the Department of the Interior (the "Department") at the Department's headquarters in Washington, D.C. I have been in this position since 2020. Previously, I held grants management positions at the Department of Health and Human Services, the Department of Education, and the Department of Homeland Security. I have over 30 years of experience in Federal financial assistance. In my capacity, I am responsible for providing executive oversight

and strategic direction for financial assistance policy, oversight, internal controls and information technology systems.

2. I, along with other career employees in my office, career staff in the Office of the Solicitor, and career bureau finance staff have worked directly on compliance with this Court's Memorandum and Order dated April 15, 2025 (the "Order"). All information herein is based upon my personal knowledge and/or experience and/or information furnished to me in my official capacity.

3. In addition, I have, with the career staff referenced above, been involved in the Department's successful compliance with various court orders on the disbursement of IIJA/IRA funds in this District and in others, including <u>New York et. al. v. Trump et. al.</u>, case no. 1:25-cv-00039 (D. R.I. 2025), and <u>Shapiro et. al. v. Department of the Interior</u>, case no. 2:25-cv-00763 (E.D. Pa. 2025).

4. The Department has enormous geographic scope, Guam to the Virgin Islands, the Gulf of America to the Arctic Circle. It also has a diverse mission – National Parks, Indian affairs, oil and gas leasing, provisioning water to the West – to identify a few. Given the reality of its mission, the Department is by necessity decentralized, with many functions currently organized at the bureau or office level. As it relates to compliance in this case, I note that there is not a centralized Department-wide system that is used for all grants.

**Status of Funding Restoration**

5. The Department received the Order and immediately restored funding to the Ancient Forest Society, which it was able to identify based on information filed in a declaration in this case.

6. Career staff quickly met to identify programs or areas in which IIJA/IRA funds were still paused. Given the aforementioned court orders, most of the Department's IIJA/IRA funds by dollar amount were already unpaused. However, based on input from the Bipartisan Infrastructure Law Program Management Office, the Department identified the National Park Service ("NPS") and the U.S. Fish and Wildlife Service ("FWS") as bureaus where paused funds remained.

7. Working with career colleagues in NPS and FWS, the Department was able to identify a large number of frozen grants. Earlier this week, the Department had identified approximately 464 grants that were still paused and subject to the Court's Order. Further diligence at FWS and NPS expanded that number to 650. Currently, the NPS identified 275 IIJA/IRA grants that were paused, with approximately $164 million in unobligated balances remaining. FWS identified 375 grants that were still paused, with approximately $300 million in unobligated balances remaining. Both bureaus have completed their review process.

8. The Department analyzed the identified grants to ensure that they were covered by the Order, *i.e.*, that they were funded with IIJA/IRA funds and were not otherwise subject to an individualized pause determination. After verifying the funding source and the absence of an individual pause, the Department moved to expeditiously unpause each grant in compliance with the Order. Currently, the Department has not identified any IIJA/IRA-funded grants that were subject to an individualized pause determination. Thus, the Department has identified 650 IIJA/IRA grants that were paused, and has taken action to unpause all of them.

9. All 650 grants, representing nearly half of a billion dollars, have been unpaused as of the time of the filing of this Declaration. The process of unpausing these grants required manual action by Department staff.

10. Based on its current diligence and the large numbers of grantees and grants identified, the FWS and NPS grants referenced above constitute most of the grants subject to the Order. However, in order to fully comply with the Order, the Department continues to work expeditiously with its other bureaus and offices to confirm the status of any IIJA/IRA funds that they administer.

11. To that end, based on the Department's current diligence, in addition to the broad unpausing of funds at FWS and NPS, the Department has determined that the Office of the Secretary, Bureau of Ocean Energy Management, Bureau of Safety and Environmental Enforcement, Bureau of Ocean Management, Bureau of Trust Funds Administration, Office of Surface Mining Reclamation and Enforcement, and the Office of the Solicitor do not have awards subject to the Order because they have no remaining paused IIJA/IRA funds. The Department is reviewing rolling data provided by the remaining bureaus to identify any remaining funds that are subject to the Order and continues to leverage its technology and career staff to identify awards that are currently paused. While it has not yet identified additional awards subject to the Order, the Department will continue its efforts to ensure that it is in full compliance with the Order. The Department expects these diligence efforts to be complete within one week, by May 2, 2025.

12. To the extent further diligence reveals any paused funds subject to the Order, the Department will immediately release those funds, and each grant officer has been specifically directed to release eligible funds if discovered.

**Status of Notice of the Order**

13. Following entry of the Order, career staff met to implement its notice requirement. As discussed above, the Department's decentralization, and the need to first identify grants impacted by the Order meant that it could not provide immediate individualized notice to all impacted grantees as quickly as the Department or the Court would prefer.

14. In light of these factors, but recognizing the necessity of complying with the Order, on Friday, April 18th the Department posted a notice of the Order on its grants management website, where it remains: https://www.doi.gov/grants/policies-and-guidance. Recognizing, again, the decentralization of the Department, the broad Departmental grant page seemed most likely to apprise the largest number of our grantees of the Order.

15. The Department was informed by its counsel of the Court's desire, following a status conference, to continue its efforts to provide individualized notice or notice on payment portals or other websites that grantees would likely access. At the suggestion of Plaintiffs' counsel, the Department explored whether a notice could be posted on the Treasury's Bureau of Fiscal Service's Automated Standard Application for Payments (ASAP) system. Unfortunately, the Department lacks the authority to provide a notice on Treasury's system. Recognizing the Department's technological limitations, the posting of the notice online, the large number of impacted grantees, and the finite

resources of the Department, the Department has focused on unpausing grants while diligently pursuing a workable individualized noticing strategy that is consistent with the Court's guidance.

16.     Regrettably, the Department's solution for individualized notice will be relatively time consuming and resource intensive. The Department has instructed each of its grant officers to post a grant note in GrantSolutions for each grant identified as being funded by the IIJA and IRA. Given the number of grants, the need to individually post a note in each grantee's file, staffing limitations, and the prioritization of making the paused funds available, they have instructed that they comply no later than Friday, May 2, 2025.

Executed this 25th Day of April 2025.

_____

Cara Whitehead
Director – Office of Grants Management
U.S. Department of the Interior