UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| WOONASQUATUCKET RIVER WATERSHED COUNCIL, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | C.A. No. 1:25-cv-00097-MSM-PAS |
| U.S. DEPARTMENT OF AGRICULTURE, *et al.*, | ) ) ) ) | |
| Defendants. | ) ) | |

ORDER

On Friday, April 25, the Court held its third on-the-record status conference about the Government's compliance with the preliminary injunction. In a subsequent text order, the Court ordered status reports due by 12:00 p.m. noon on Friday, May 2. Below, the Court highlights issues that the parties should address in those reports.

I. U.S. DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

At last Friday's conference, the parties raised no issues about HUD's compliance. Based on its review of the record, the Court does not see any outstanding issues with HUD's compliance, but it welcomes any updates from the parties.

II. U.S. DEPARTMENT OF ENERGY

At last Friday's conference, the parties also raised no issues about Energy's compliance. Based on its review of the record, the Court does not see any outstanding issues with Energy's compliance, but it welcomes any updates from the parties.

### III. U.S. DEPARTMENT OF THE INTERIOR

Interior has identified 650 IIJA or IRA grants, "representing nearly half a billion dollars," that have been unpaused as of April 25. (ECF No. 56-1 ¶ 9.) An official stated that Interior "continues to work expeditiously with its other bureaus and offices to confirm the status of any IIJA/IRA funds that they administer." *Id.* ¶ 10. And Interior estimates that its "diligence efforts," as well as its efforts to comply with notice requirements, will be finished by this Friday, May 2. *Id.* ¶ 11.

The Court directs the Government to provide an additional declaration accompanying its status report, explaining Interior's progress with compliance since the last conference.

### IV. U.S. DEPARTMENT OF AGRICULTURE

USDA has identified "at least 42,627 unique grants, cooperative agreements, direct loans, or other financial assistance transactions funded by either IRA or IIJA." (ECF No. 56-2 ¶ 16.) According to a USDA official, 309 awards "remain frozen because they were individually reviewed and identified as inconsistent with the Secretary's priorities on DEI," and all 309 were reviewed before the Court's April 15 order and frozen "on an individualized basis for an independent reason" apart from the fact that they were IRA or IIJA grants. *Id.* At the conference, the Government stated that Paragraphs 15 and 17 show that all other identified IRA and IIJA awards—as in, everything but those 309 grants—were unfrozen. The Nonprofits and the Court were not as certain. The Court directed the Government to clarify in its next status report.

The Nonprofits raised two more issues.  First was a statement from a USDA official stating that "IRA-funded RCPP projects that do not yet have an executed agreement . . . in place should remain paused." (ECF No. 55-1 at 2.)  Comparing the USDA and the Eastern Rhode Island Conservation District's situation to that of HUD and Codman Square Neighborhood Development Corporation, the Nonprofits noted that the Court's order extended to the processing of awards.  The Court saw this issue as, in part, turning on how USDA interprets the Court's use of the term "already awarded" funding in its order.  *See, e.g.*, ECF No. 45 at 61 ¶¶ 2–3.  The term should be interpreted generously to avoid ambiguity, unnecessary parsing, and efforts to evade compliance.  The Court directed the Government to clarify USDA's position on this situation in its next status report.

Second, the Nonprofits argued that USDA needed to justify its decisions to keep those 309 grants frozen with "contemporaneous documentation."  Noting Interior's affidavit under oath at paragraph 16, the Court declined to establish a preclearance regime requiring the Government to prove the lawfulness of every pause under other executive orders.  But the Court recognized that greater detail regarding the process of "individualized review" may be beneficial.

As discussed, the Court directs the Government to provide an additional declaration accompanying its status report.  In particular, the declaration should clarify how many IIJA and IRA grants (of the 42,627 identified so far) are unfrozen.[1]

---

[1] As discussed, the Court's use of the term "grants" is meant to cover all financial awards administered under the statutes.

It should also address the Eastern Rhode Island Conservation District issue and how USDA understands "already-awarded" grants. It should further explain the "individualized review" process for keeping those 309 grants frozen. Finally, it should summarize all progress with compliance since the last conference.

## V.   U.S. ENVIRONMENTAL PROTECTION AGENCY

As explained in a previous affidavit, EPA identified 2,004 active IIJA grants and 979 active IRA grants. (ECF No. 51-1 ¶ 4.) It also stated that EPA planned to terminate about 800 grants, having already noticed 377 grantees and not having noticed approximately 404. *Id.* ¶ 5. EPA has kept these roughly 800 grants paused because they are "soon-to-be-terminated." *Id.* ¶ 7. Ahead of last Friday's conference, the Court directed the parties to address whether those pauses pending terminations were consistent with the preliminary injunction.[2] (ECF No. 52 at 6–7.)

After hearing from the parties on Friday, April 25, the Court ordered these funds unfrozen until they are definitively terminated consistent with 2 C.F.R. § 200.341(a) and other applicable regulations. The Court distinguished between EPA's pauses here—seemingly in conflict with 2 C.F.R. § 200.305(b)(6) and largely grounded in unsubstantiated concerns of abuse pending termination—and USDA's pauses related to DEI programs—seemingly related to other executive orders, the propriety of those orders being no issue here. The Court also declined to open any

---

[2] The Court appreciates the Government's disclosure and initial request for clarification on this issue.

4

discovery into EPA's "individualized review" process, and it made clear that this case—at least as it presently stands—is about pauses, not terminations.

So the Court directs the Government to confirm that all of EPA's IIJA and IRA funds are unfrozen pending termination in its May 2 status report. The Government should also detail EPA's efforts to notice remaining Nonprofits of any impending terminations—not because the case will become about terminations, but rather because the pauses-pending-termination have clearly led to confusion about the scope of the Court's order.

## VI. CONCLUSION

The Court directs the parties to address these issues—as well as any other outstanding issues regarding compliance—via status reports due Friday, May 2, at 12:00 p.m. At the May 5 status conference, the parties should also be prepared to discuss the next steps of the case following compliance.

IT IS SO ORDERED.

_____
Mary S. McElroy,
United States District Judge

Date: April 28, 2025