UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WOONASQUATUCKET RIVER WATERSHED COUNCIL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF AGRICULTURE, *et al.*, <br><br> Defendants. | Civil Action No. 1:25-cv-97 (MSM) |

## SUPPLEMENTAL DECLARATION OF CARA WHITEHEAD

I, Cara Whitehead, hereby declare as follows:

1. I am the Director of the Office of Grants Management for the Department of the Interior (the "Department") at the Department's headquarters in Washington, D.C. In my capacity, I am responsible for providing executive oversight and strategic direction for financial assistance policy, oversight, internal controls and information technology systems. On April 25, 2025, I made a declaration (the "Declaration") in this case describing my background in greater detail, the Department's structure as it relates to compliance activities, and recounting the Department's efforts at compliance at that point

in time. I hereby incorporate the Declaration, and seek, through this Supplemental Declaration, to show the Department's compliance with this Court's Memorandum and Order dated April 15, 2025 (the "Order").

2. I, along with other career employees in my office, career staff in the Office of the Solicitor, and career bureau finance staff have worked directly on compliance with the Order. All information herein is based upon my personal knowledge and/or experience and/or information furnished to me in my official capacity.

**Status of Funding Restoration**

3. In my Declaration, I stated that several offices and bureaus had finished reporting and the Department unpaused well over 600 grants representing nearly half a billion dollars, but that the Department would continue to work expeditiously to locate, review, unpause, and perform necessary quality assessments to ensure full compliance with the Order. And so it has. As described in more detail below, I believe, based on representations made to me and information provided by career Department staff, that the Department is in compliance with the Order.

4. As noted in my previous Declaration, the National Park Service, Fish and Wildlife Service, Office of the Secretary, the Office of the Solicitor, Office of Surface Mining Reclamation and Enforcement, and Bureau of Trust Funds Administration were in compliance with the unpausing provisions of the Order on Friday, April 25th.

5. Since my Declaration, the Bureau of Indian Affairs identified 71 IIJA/IRA awards paused with unobligated balances of $125,283,875.18. All funds have been individually unpaused. For the avoidance of doubt, no funds have been withheld due to an individualized pause.

6. The Bureau of Land Management identified 642 IIJA/IRA awards paused with unobligated balances of $119,389,815.36. All funds have been individually unpaused. For the avoidance of doubt, no funds have been withheld due to an individualized pause.

7. Following additional guidance from career staff, the Bureau of Safety and Environmental Enforcement re-reviewed its awards and identified one IIJA/IRA award paused with an unobligated balance of $112,848. This award has been individually unpaused. For the avoidance of doubt, no funds have been withheld due to an individualized pause.

8. Following additional guidance from career staff, the Bureau of Ocean Energy Management re-reviewed its awards and identified 8 IIJA/IRA awards paused with an unobligated balance of $2,254,123.12. These awards have been individually unpaused. For the avoidance of doubt, no funds have been withheld due to an individualized pause.

9. The United States Geological Survey confirmed that it had no outstanding paused IIJA/IRA funds.

10. The Office of Insular Affairs identified 8 IIJA/IRA awards paused with unobligated balances of $6,096,423.83. These awards have been individually unpaused. For the avoidance of doubt, no funds have been withheld due to an individualized pause.

11. The Bureau of Reclamation identified one group of 24 IIJA/IRA awards paused with unobligated balances of $23,656,543.95. These awards have been individually unpaused.

12. During Reclamation's diligence, it further identified 66 grants that are funded by the IIJA/IRA and currently paused, but which are paused for individualized reasons arising from the nature of the grant, in **all cases** as determined by career staff, in **all cases** implemented before the Order, and in **all cases** submitted *before* Inauguration under the leadership of the prior administration. Generally, the reasons for the pause are found in 2 C.F.R. Part 200 or in the terms and conditions of the applicable grant. For example, some grants are past the period of performance, others are subject to a statutory 270-day sufficiency review before fund release, still others need to submit required budgets. Once these requirements are met, the funds will be released.

13. Finally, Reclamation identified two awards (both involving the same grantee) with a total of $10,650,000 in unobligated balances which are funded with IIJA/IRA funds and which were paused well before the issuance of the Order, but following Inauguration. Like the awards in the preceding paragraph, to release the full amount of the obligation the awardee must comply with the award's terms and conditions and Part 200. Here, the awardee has satisfied some of those conditions that entitle it to a portion of its award. That portion of the funds are unpaused and available. The remaining portion will be made available in the ordinary course of the grants process as the grantee satisfies remaining conditions. For the avoidance of doubt, Reclamation has unpaused all applicable IIJA/IRA funded awards.

14. Finally, the Office of Native Hawaiian Relations identified 18 IIJA/IRA awards paused with unobligated balances of $19,846,662.71. All funds have been individually unpaused. For the avoidance of doubt, no funds have been withheld due to an individualized pause.

15. The Department has completed its review and analysis for each of constituent bureaus and offices, ultimately individually unpausing 1,422 awards with unobligated balances of over $713 million. The Department believes it is in compliance with the unpausing provision of the Order

16. While career staff in the Department has undertaken significant efforts to identify, review, and quality control its paused IIJA/IRA awards, and believes it is in full compliance with the Order, I recognize that the decentralized nature of the Department, the efforts to consolidate and optimize the Department's financial assistance programs consistent with the Secretary's recent direction in Secretary's Order No. 3349 "Consolidation, Unification, and Optimization of Administrative Functions," and recent departures of career staff under various deferred retirement opportunities may cause inadvertent delay or omissions. While the bureaus and offices have represented full compliance, to the extent that the Department is made aware of any issues with its compliance, it will work expeditiously to identify the issue and unpause the funds, consistent with the Order. Notably, the financial assistance officials in each bureau and office have been instructed to unpause all IIJA/IRA awards if discovered, and have been provided a dedicated career attorney in the Office of the Solicitor to immediately answer questions on the scope of the Order.

**Status of Notice of the Order**

17. On Friday, April 18th, the Department posted a notice of the Order on its grants management website, where it remains: https://www.doi.gov/grants/policies-and-guidance.

18. On April 25th, the Department informed the Court that it would satisfy the notice provisions of the Order by, in addition to posting the notice on the grants management website, by instructing each of its financial assistance officers to post a grant note in GrantSolutions for each applicable award identified as being funded by the IIJA and IRA. Given the large number of awards administered by the Department, and the need to enter the notice individually, the Department needed some time to implement the notice provisions of the Order.

19. Each bureau and office has confirmed to me that they have followed the notice protocol described in my previous Declaration and posted the notice by grant note for applicable awards funded out of IIJA or IRA appropriations, except for the Office of Insular Affairs, which, given the small number of awards it administers and the availability of contact information, emailed the awardees directly.

Executed this 2nd Day of May, 2025.

CARA WHITEHEAD
Digitally signed by CARA WHITEHEAD
Date: 2025.05.02 09:16:59 -04'00'

Cara Whitehead
Director – Office of Grants Management
U.S. Department of the Interior