# EXHIBIT 2



# OFFICE OF MISSION SUPPORT
## WASHINGTON, D.C. 20460

May 1, 2025

**MEMORANDUM**

**SUBJECT:** Termination of EPA Assistance Agreement ▇▇▇▇▇ under 2 CFR 200.340

**FROM:** Arthur Johnson, Region 1 EPA Award Official

ARTHUR JOHNSON
Digitally signed by ARTHUR JOHNSON
Date: 2025.05.01

**TO:** ▇▇▇▇▇, Executive Director
▇▇▇▇▇

The purpose of this communication is to notify you that the U.S. Environmental Protection Agency (EPA) is hereby terminating Assistance Agreement No. ▇▇▇▇▇ awarded to ▇▇▇▇▇. This EPA Assistance Agreement is terminated effective immediately on the grounds that the remaining portion of the Federal award will not accomplish the EPA funding priorities for achieving program goals. The objectives of the award are no longer consistent with EPA funding priorities.

The EPA Administrator has determined that, per the Agency's obligations to the constitutional and statutory law of the United States, this priority includes ensuring that the Agency's grants do not conflict with the Agency's policy of prioritizing merit, fairness, and excellence in performing our statutory functions. In addition to complying with the law, it is vital that the Agency assess whether all grant payments are free from fraud, abuse, waste, and duplication, as well as to assess whether current grants are in the best interests of the United States.

The process for closeout is generally outlined in 2 CFR 200.344. EPA is clarifying what reports are required and what reports are waived below. Other requirements are still in effect if applicable to your grant.

EPA is requiring the following closeout reports due within 120 days of closeout (2 CFR 200.344a:)
- Final Federal Financial Report, SF-425
- Final Technical Report
- Other programmatic reports identified in your terms and conditions

As part of this termination, EPA is waiving the following closeout reports:
- Property Report, SF-428
- Final Minority Business Enterprise/Woman Business Enterprise Utilization Under Federal Grants and Cooperative Agreements, EPA Form 5700-52A

The recipient may request payment from the Automated Standard Application Payments (ASAP) system for allowable costs incurred up to the date of this memo provided that such costs were contained in the approved workplan. Costs incurred by you after this termination are allowable only if (a) those costs were properly incurred by you before the effective date of this termination, and not in anticipation of it; and (b) those costs

would be allowable if your federal award was not suspended or expired normally at the end of the period of performance in which the termination takes effect. *See* 2 C.F.R. § 200.343. You are encouraged to carefully review and discharge your closeout responsibilities set forth in 2 C.F.R. § 200.344-45 and your award agreement. Those responsibilities include, but are not limited to, your obligation to "promptly refund any unobligated funds" that have been paid out but "are not authorized to be retained." *See* 2 C.F.R. § 200.344(g).

Also, per 2 CFR 200.472, a recipient may use grant funds to properly closeout their grant including reasonable and necessary costs that might occur after the date of this memo. If the recipient drew down funds from ASAP for costs beyond the termination date or for costs that exceed the amount necessary to properly closeout their grant, the recipient must contact RTPFC at ▮▮▮▮▮▮▮@epa.gov for instructions on how to return the excess funds.

The EPA Grants Management Office has issued an amendment to the agreement to document the termination.

If you wish to dispute this termination decision, the Disputes Decision Official (DDO), Mark Sanborn, ▮▮▮▮@epa.gov, must receive the Dispute no later than 30 calendar days from the date this termination notice is electronically sent to you. Disputes must be sent electronically by email to the DDO, with a copy to the EPA Award Official, ▮▮▮▮▮▮▮▮@epa.gov within the 30-day period stated above. The Dispute submitted to the DDO must include: (1) A copy of the disputed Agency Decision; (2) A detailed statement of the specific legal and factual grounds for the Dispute, including copies of any supporting documents; (3) The specific remedy or relief you seek under the Dispute; and (4) The name and contact information, including email address, of your designated point of contact for the Dispute. *See* 2 CFR 1500.15

The requirements on post-closeout adjustments and continuing responsibilities, including audit and record retention requirements, at 2 CFR 200.345 remain in effect.

ATTACHMENT
Amendment Document

cc: ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮