UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WOONASQUATUCKET RIVER WATERSHED COUNCIL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF AGRICULTURE, *et al.*, <br><br> Defendants. | Civil Action No. 1:25-cv-97 (MSM) |

**DEFENDANTS' MOTION TO STAY PROCEEDINGS**

Defendants respectfully request that the Court stay further district court proceedings in this case until Defendants' appeal of this Court's Order granting Plaintiffs' motion for a preliminary injunction is resolved, at which point the parties should jointly set forth their views on whether any further proceedings are necessary in this case, and if so propose a schedule for such proceedings. *See* Notice of Appeal, ECF No. 62. As courts of appeals have long recognized, a stay of district court proceedings "to await a federal appellate decision that is likely to have a substantial or controlling effect on the claims and issues in the stayed case" is "at least a good, if not an excellent" reason to stay proceedings. *Miccosukee Tribe of Indians of Fla. v. S. Fla. Water Mgmt. Dist.*, 559 F.3d 1191, 1998 (11th Cir. 2009). Such a stay would not prejudice Plaintiffs here, as they are already protected by the preliminary injunction order issued by this Court, ECF No. 45 ("PI Order"). This Court's injunction already provides all the relief the Plaintiffs are seeking, so there is no

1

longer any plausible basis for claiming imminent or ongoing irreparable harm to the Plaintiffs. The First Circuit's forthcoming decisions, both in the appeal of this case and in the Government's appeal of Chief Judge McConnell's preliminary injunction order in the related *New York v. Trump* case, could potentially resolve this case entirely, or at a minimum will provide important guidance on the governing legal framework for Plaintiffs' claims. *See New York v. Trump*, No. 25-1236 (1st Cir.); *Woonasquatucket River Watershed Council v. USDA*, No. 25-1428 (1st Cir.). Continuing forward with district court proceedings now—when the First Circuit will soon provide potentially dispositive rulings, or at least helpful guidance, regarding Plaintiffs' claims—would result in needlessly duplicative litigation and potentially sensitive disputes regarding discovery. A stay of further proceedings, until those appellate decisions provide such guidance, would therefore conserve resources of both the Court and the parties, without any cognizable prejudice to Plaintiffs.

## BACKGROUND

On March 13, 2025 Plaintiffs filed their initial Complaint in this action. *See* ECF No. 1. After filing an Amended Complaint on March 17, 2025, *see* ECF No. 21, Plaintiffs moved for a preliminary injunction that same day, *see* ECF No. 26. Defendants opposed Plaintiffs' motion on various bases including that this Court lacks jurisdiction to hear this case, and that Plaintiffs were unlikely to succeed on the merits or establish irreparable harm. *See* ECF No. 31.

The Court issued a preliminary injunction on April 15, 2025, enjoining Defendants from "freezing, halting, or pausing on a non-individualized basis the

processing and payment of [already-awarded] funding" that was appropriated under the Inflation Reduction Act ("IRA") or the Infrastructure Investment and Jobs Act ("IIJA"). ECF No. 45 at 61. Since that order was issued, the Court has "determined that all agencies were complying" with the Court's preliminary injunction. ECF No. 68 at 1.

Defendants appealed the Court's preliminary injunction on April 30, 2025. *See* ECF No. 62. The First Circuit's consideration of Defendants' appeal of the preliminary injunction remains ongoing. *See Woonasquatucket River Watershed Council v. USDA*, No. 25-1428 (1st Cir.).

## LEGAL STANDARD

"The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004) ("It is apodictic that federal courts possess the inherent power to stay proceedings for prudential reasons."). However, "there must be good cause for [a stay's] issuance; [it] must be reasonable in duration; and the court must ensure that competing equities are weighed and balanced." *Marquis v. FDIC*, 965 F.2d 1148, 1155 (1st Cir. 1992).

One good cause for a stay is to respect "the general principle" that federal district courts should "avoid duplicative litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *see also Marquis* 965 F.2d at 1154 (district courts have discretion to stay proceedings in the interest of "efficacious management of court dockets"). Additionally, courts frequently grant

stays when there are ongoing "independent proceedings which bear upon the case," because a stay is most "efficient for [the court's] own docket and the fairest course for the parties[.]" *Leyva v. Certified Grocers of California, Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979); *cf. Microfinancial*, 385 F.3d at 77 (1st Cir. 2004) ("The pendency of a parallel or related criminal proceeding can constitute [ ] a reason [to grant a stay.]").

## ARGUMENT

### I. There is Good Cause to Grant a Stay Because It Would Advance Judicial Economy and Simplify the Proceedings.

The Court's preliminary injunction is now on appeal before the First Circuit. Staying district court proceedings pending resolution of that appeal makes eminent sense because it would support judicial economy and would allow the parties here to address the relevant issues with the benefit of any ruling from the First Circuit.

Given that many (if not all) of the critical legal issues presented in Plaintiffs' Complaint are now before the First Circuit, it makes little sense for this Court (and the parties) to expend the resources necessary for a full presentation of those issues at this time. Because the preliminary injunction standard will require the First Circuit to consider whether Plaintiffs are "likely to succeed on the merits," *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008), it would be far more efficient for the parties to await a decision from the First Circuit, at which point most (if not all) of the legal issues may then have definitive resolution and further briefing and consideration of any remaining legal issues would be better informed by having the benefit of the First Circuit's analysis.

Indeed, if the Court were to deny a stay here, the parties would be required to brief and litigate a motion to dismiss—even though the motion to dismiss would present many of the same legal arguments the Government has asked the First Circuit to decide. That briefing process, and this Court's consideration of the motion, would itself be wasteful. *Cf. Freedom Watch, Inc. v. Dep't of State*, 925 F. Supp. 2d 55, 59 (D.D.C. 2013) (granting a stay "[n]ot needing more lawyers to spend more time on more briefs on more subjects"). There can be no question, therefore, that a stay would serve "efficacious management of [the Court's] docket[]," *Marquis*, 965 F.2d at 1154, and simplify the issues and questions of law the Court will need to confront. And of course, if the Court were to deny that motion to dismiss, that would only compound the burdens on the parties and the Court—requiring production of Administrative Records for vaguely defined agency actions, followed by potential requests for further discovery as Plaintiffs have previously suggested, contrary to the normal rule that discovery is impermissible in APA actions. *See generally Camp v. Pitts*, 411 U.S. 138, 142 (1973) ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."). Thus, further proceedings could likely become quite burdensome and protracted, all of which would be potentially unnecessary depending on how the First Circuit rules in the upcoming appeals.

For these reasons, district courts around the country routinely stay proceedings where resolution of an appeal in the same or a similar matter may guide the district court in deciding issues before it. *See, e.g., Univ. of Colo. Health Mem'l*

*Hosp. v. Burwell*, No 14-cv-1220, 2017 WL 535246, at \*12 (D.D.C. Feb. 9, 2017) ("Because many of the applicable issues may be resolved by the D.C. Circuit, and because the D.C. Circuit may otherwise provide instruction on the issues here, the Court finds a stay would serve the interests of judicial efficiency."); *Allina Health Servs. v. Sebelius*, 756 F. Supp. 2d 61, 71 (D.D.C. 2010) (finding "good cause to stay this matter" given that "the parties agree that the resolution of [a related case] by the D.C. Circuit will be dispositive of the Plaintiffs' arguments here"); *Kunsman v. Conkright*, No. 08-cv-6080L, 2018 WL 9781177, at \*1 (W.D.N.Y. June 25, 2018) (staying case pending decision by Court of Appeals, because that decision "will likely impact issues pending in this case" and "if this Court were to rule now in this action, without the benefit of an appellate ruling . . . it would only result in complicating matters, risking a ruling at odds with [the Court of Appeals], and delaying the resolution of this action"); *Lincoln Nat'l Life Ins. Co. v. Transamerica Fin. Life Ins. Co.*, No. 1:08-cv-135, 2010 WL 567993, at \*1 (N.D. Ind. Feb. 12, 2010) (staying case until outcome of Supreme Court decision, so as to provide the court with "clear direction on the precise standard to be applied" in evaluating the claims in the case). As one district court explained: "How the Court of Appeals . . . answers the significant legal questions of this case will likely alter upcoming proceedings. Thus, staying this case avoids duplicative and potentially unnecessary litigation, conserving judicial resources." *Whole Woman's Health v. Hellerstedt*, No. A-16-CA-1300-SS, 2017 WL 5649477, at \*2 (W.D. Tex. Mar. 16, 2017).

Underscoring the appropriateness of a stay in these circumstances, Chief Judge McConnell recently issued a stay in *New York v. Trump*, pending resolution of the pending appeal in that case. *See* Text Order, *New York v. Trump*, 25-cv-39 (D.R.I. Apr. 21, 2025). Just as Chief Judge McConnell stayed proceedings pending resolution of the Government's appeal of his preliminary injunction order, this Court should likewise stay proceedings pending appeal in this case.

The grounds for a stay are also particularly compelling where, as here, the higher court will be considering issues bearing on Article III standing, and the district court's jurisdiction to proceed at all. *See Gonzalez de Fuente v. Preferred Home Care of New York LLC*, No. 18-cv-6749, 2020 WL 738150, at *3 (E.D.N.Y. Feb. 13, 2020) ("This is especially true for issues that determine a district court's jurisdiction to hear a case under Article III."); *cf. Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1988) ("The requirement that jurisdiction be established as a threshold matter 'springs from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" (internal quotation omitted)). A stay of further proceedings would allow time for appellate courts to provide further guidance on these jurisdictional issues, thereby avoiding "the challenges of pinning down the precedential effects of emergency decisions," PI Order at 33–34 n.6 (discussing the Supreme Court's emergency stay order in *Department of Education v. California*), while also ensuring further proceedings in this Court do not transgress any jurisdictional boundaries. *Cf. Steel Co.*, 523 U.S. at 94 ("Without jurisdiction the

court cannot proceed at all in any cause."). Thus, there is ample good cause for staying further proceedings in this case.

## II. A Stay of Proceedings Pending Appeal Is Fair to the Parties' Equities and Reasonable in Duration.

In contrast to the significant waste of resources that will occur if this case proceeds, Plaintiffs will not suffer any harm from a stay, because this Court has already issued a ruling which, among other things, enjoins Defendants from "freezing, halting, or pausing on a non-individualized basis the processing and payment of [already-awarded] funding" that was appropriated under IRA or IIJA. ECF No. 45 at 61. Because the preliminary injunction will remain in effect while the appeal is litigated, there is no basis for concern about any continuing harms allegedly stemming from the challenged actions in this case. *See, e.g.*, *Latta v. U.S. Dep't of Educ.*, 653 F. Supp. 3d 435, 440–41 (S.D. Ohio 2023) (no prejudice to plaintiff from stay because challenged program "is currently enjoined"); *Washington v. Trump*, No. C17-0141JLR, 2017 WL 1050354, at *4 (W.D. Wash. Mar. 17, 2017) (finding that any prejudice to plaintiffs from stay would be "minimal—if there is any at all" in light of the preliminary injunctive relief already in effect); *Hawai'i*, 233 F. Supp. 3d at 853–54 ("any prejudice to the State caused by a delay in the instant case will be minimal" because a "nationwide injunction already provides the State with the comprehensive relief it seeks in this lawsuit"); *Boardman v. Pac. Seafood Grp.*, No. 1:15-108-CL, 2015 WL 13744253, at *2 (D. Or. Aug. 6, 2015) ("The stay will not harm Plaintiffs because this court has enjoined the proposed merger."); *see also Whitman-Walker Clinic v. HHS*, No. 20-1650 (JEB), 2021 WL 4033072, at *2 (D.D.C. Sept. 3, 2021) (finding that

prejudice to plaintiffs from a stay of proceedings was minimal where the provisions of the Rule "that form the heart of Plaintiffs' objections are currently—and will remain—enjoined").[1]

Finally, Defendants' proposed stay is of reasonable duration. For one thing, the appeal in this case could be effectively resolved by the *New York v. Trump* appeal, and briefing on that appeal is scheduled to proceed shortly—with the Government's opening brief and appendix due in just over a week on May 27, 2025, and Plaintiff-Appellees' response brief due 30 days later on June 26, 2025. *See* Briefing Schedule Order, *New York v. Trump*, No. 25-1236 (May 5, 2025). That appeal involves many of the same legal issues as in this case and its resolution would therefore likely provide guidance to this Court, if not entirely dispose of this case. Indeed, the district court in *New York v. Trump* specifically discussed pauses of funding under the IRA and IIJA as a central aspect of its analysis, *see New York v. Trump*, No. 25-cv-39, 2025 WL 715621, at *8–12, *14–16 (D.R.I. Mar. 6, 2025), and this Court adopted much of that reasoning, *see* PI Order at 28, 37, 42, 51–52. Furthermore, this Court repeatedly relied on the First Circuit's stay decision in *New York v. Trump* in rejecting certain threshold APA arguments the Government raised in this case. *See id.* at 24–25, 27. This Court also relied on the *New York v. Trump* district court's

---

[1] The Court has "determined that all agencies" are "complying" with the Court's preliminary injunction. ECF No. 68 at 1. However, in the event that the Court grants this motion and Plaintiffs later wish to raise issues regarding Defendants' compliance with the Court's preliminary injunction, Defendants contemplate that Plaintiffs would be able to do so without needing to move to lift the stay.

ruling that *Department of Education v. California*, 145 S. Ct. 966 (2025) did not divest it of jurisdiction, *id.* at 35, a ruling that is also on appeal in that case and consolidated with the appeal of the district court's preliminary injunction order, *see* ECF No. 185, *New York v. Trump*, No. 25-cv-39 (D.R.I. Apr. 28, 2025); Order, *New York v. Trump*, No. 25-1236 (1st Cir. May 5, 2025). Thus, a decision from the First Circuit decision in *New York v. Trump* is likely to provide guidance to this Court in deciding issues in this case, further weighing in favor of a stay, particularly given that the appeal in *New York v. Trump* is already underway.

Even if the First Circuit's ruling in *New York v. Trump* does not resolve the appeal in this case, the First Circuit will consider the appeal of this Court's preliminary injunction in due course,[2] and, as discussed above, district courts routinely stay cases pending resolution of related appeals, regardless of the precise timing of those appeals. Moreover, there will be no harm to Plaintiffs in the interim, whereas continuing with further proceedings in this Court—at the same time as the First Circuit is also considering the same issues—would clearly be wasteful.

Thus, all three factors—good cause, reasonable duration, and fairness to the parties—weigh squarely in favor of a stay. *See Marquis*, 965 F.2d at 1155.

---

[2] Defendants note that, because of the aforementioned significant overlap in legal issues between this case and *New York v. Trump*, the Government plans to move to put the *Woonasquatucket* appeal in abeyance pending resolution of the appeal in *New York v. Trump*.

10

## CONCLUSION

The Government respectfully requests a stay of district court proceedings pending resolution of all appeals from this Court's preliminary injunction, at which point the parties should jointly set forth their views on whether any further proceedings are necessary in this case, and if so propose a schedule for such proceedings.

Dated: May 19, 2025

Respectfully Submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

ALEXANDER K. HAAS
Director

DANIEL SCHWEI
Special Counsel

*/s/ Andrew F. Freidah*
ANDREW F. FREIDAH
Senior Counsel
EITAN R. SIRKOVICH
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel.: (202) 305-0879
Fax: (202) 616-8460
Email: andrew.f.freidah@usdoj.gov

*Counsel for Defendants*

## CERTIFICATION OF SERVICE

I hereby certify that on May 19, 2025, I electronically filed the within Certification with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System, thereby serving it on all registered users in accordance with Federal Rule of Civil Procedure 5(b)(2)(E) and Local Rule Gen 305.

/s/ *Andrew F. Freidah*
Andrew F. Freidah