## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF RHODE ISLAND

WOONASQUATUCKET RIVER
WATERSHED COUNCIL, *et al.*,

*Plaintiffs,*

v.

DEPARTMENT OF
AGRICULTURE, *et al.*,

*Defendants.*

Case No. 1:25-cv-00097-MSM-PAS

---------------------------------------------------------------------------------------------------------

## PLAINTIFFS' OPPOSITION TO MOTION TO STAY PROCEEDINGS

Plaintiffs oppose a stay, which would pointlessly delay final judgment in this case by perhaps a year or more while risking the loss or degradation of the evidence necessary to bring this case to resolution. Defendants seek to stay resolution of this case pending appeal, while simultaneously seeking to stay that very appeal, piling delay upon delay. The Court need not countenance those efforts, which are unlikely to promote judicial efficiency and risk real prejudice to Plaintiffs.

### BACKGROUND

Challenges to agency action under the Administrative Procedure Act are typically resolved based on the administrative record that was before the agency when it acted. *See, e.g., Atieh v. Riordan*, 727 F.3d 73, 76 (1st Cir. 2013) ("The focal point of APA review is the existing administrative record."); *see also* Defs.' Mot. to Stay at 5 (ECF No. 70). "An administrative record must consist of all documents and materials directly or indirectly considered by the agency decision-makers and

includes evidence contrary to the agency's position." *Roe v. Mayorkas*, No. 22-cv-10808, 2024 WL 5198705, at \*7 (D. Mass. Oct. 2, 2024) (quotation marks omitted). The government bears responsibility for assembling and producing the administrative record. *Cf.* D.D.C. L. Civ. R. 7(n)(1) (setting deadline by which agency must file with the court an index of the administrative record).

In some circumstances, it is appropriate for the reviewing court to look beyond the administrative record, such as "where there is a failure to explain administrative action as to frustrate effective judicial review," *Olsen v. United States*, 414 F.3d 144, 155–56 (1st Cir. 2005) (quotation marks omitted), or where "additional testimony by experts" would "help [the court] understand matters in the agency record," *Valley Citizens for a Safe Env't v. Aldridge*, 886 F.2d 458, 460 (1st Cir. 1989) (Breyer, J.). But APA actions often do not require discovery beyond the administrative record, particularly if that record is appropriately compiled. As a result, APA actions are frequently resolved on cross-motions for summary judgment, *see, e.g.*, *Bos. Redevelopment Auth. v. Nat'l Park Serv.*, 838 F.3d 42, 47 (1st Cir. 2016) (discussing use of this procedure to decide APA cases), and the government often agrees to proceed straight to the provision of an administrative record and cross-motions for summary judgment, skipping over a motion to dismiss in the interests of judicial efficiency, *see, e.g.*, Joint Proposed Briefing Schedule, *New Orleans Workers' Ctr. for Racial Justice v. Dep't of Labor*, No. 20-cv-1825, Dkt. 11 (D.D.C. Oct. 1, 2020); Joint Status Report, *Chicago v. Azar*, No. 20-cv-1566, Dkt. 13 (D.D.C. June 22, 2020) (agreeing to convert a preliminary injunction motion into cross-motions for summary

judgment); *id.* Dkt. 18 (July 20, 2020) (filing motion to dismiss, or, in the alternative, motion for summary judgment); *cf.* Order, *New York v. HHS*, No. 19-cv-4676, Dkt. 121 (S.D.N.Y. July 16, 2019) (setting schedule for production of administrative record and contemporaneous briefing on a preliminary injunction motion and cross-motions for summary judgment); Minute Order, *Nat'l Women's Law Ctr. v. OMB*, No. 17-cv-2458 (D.D.C. Nov. 15, 2018) (requiring government defendants to compile the administrative record and respond to summary judgment briefing even while motion to dismiss remained pending, over government's objection).[1]

## LEGAL STANDARD

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Am. Sales Co., LLC v. Warner Chilcott Pub. Ltd.*, No. 13-cv-347, 2013 WL 4016925, at *1 (D.R.I. Aug. 6, 2013) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936)). "However, 'the suppliant for a stay must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage to some one else.'" *Id.* (quoting *Landis*, 299 U.S. at 255); *accord Austin v. Unarco Indus., Inc.*, 705 F.2d 1, 5 (1st Cir. 1983) ("[T]o be entitled to a stay, a party must demonstrate a clear case of hardship if there is a danger that the stay will damage the other party."). The moving party bears a "heavy burden" to show that a

---

[1] This procedure seems especially appropriate here, where the Court has already considered the jurisdictional arguments that Defendants might raise in a motion to dismiss when it ruled on Plaintiffs' motion for a preliminary injunction.

stay is warranted. *Microfinancial, Inc. v. Premier Holidays Int'l, Inc.*, 385 F.3d 72, 77 (1st Cir. 2004).

## ARGUMENT

Plaintiffs oppose a stay. To begin, there appears to be no dispute that Defendants' appeal "does not divest [this C]ourt with jurisdiction to proceed with a decision on the merits." *Jack's Canoes & Kayaks, LLC v. Nat'l Park Serv.*, 937 F. Supp. 2d 18, 26 (D.D.C. 2013); *see also Pharm. Care Mgmt. Ass'n v. Maine Atty. Gen.*, 332 F. Supp. 2d 258, 259 (D. Me. 2004) ("The general rule for an interlocutory appeal of a preliminary injunction is that it 'does not defeat the power of the trial court to proceed further with the case.'" (quoting Wright & Miller, *Federal Practice & Procedure*, § 3921.2 (3d ed. 1999))). The Court should do so here.

The discretionary choice whether to stay proceedings "calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis*, 299 U.S. at 254–55. Where "there is even a fair possibility that the stay . . . will work damage to some one else," the movant "must make out a clear case of hardship or inequity in being required to go forward" before a court will stay proceedings. *Id.* at 255; *see also, e.g., Driver v. Helms*, 402 F. Supp. 683, 685–86 (D.R.I. 1975) (citing *Landis*, noting that a stay should be granted "'only in rare circumstances,'" "where the need for the stay clearly outweighs the harm to the plaintiffs"); *Atlantic Salmon Federation U.S. v. Merimil Ltd. P'ship*, No. 21-cv-257, 2022 WL 951709, at *5 (D. Me. Mar. 30, 2022) (citing *Landis* and denying stay where defendants argued that they would be prejudiced merely by having to defend the

lawsuit while also navigating an administrative process); *Does 1–6 v. Mills*, No. 21-cv-242, 2022 WL 43893, at *3 (D. Me. Jan. 4, 2022) (citing *Landis* and noting that even substantial and unrecoupable litigation costs "do not give rise to hardship or inequity requiring a stay in proceedings"); *Nat'l Indus. for Blind v. Dep't of Veterans Affs.*, 296 F. Supp. 3d 131, 140 (D.D.C. 2017) (citing *Landis*, denying stay, and emphasizing that "the burden of demonstrating a hardship that warrants staying properly filed legal proceedings is on the movant") (K.B. Jackson, J.).

Here, a stay would undermine, not promote, judicial efficiency and the expeditious resolution of this case. First, Defendants' arguments about judicial economy fall flat in light of their efforts to simultaneously stay not only the proceedings here, but *also* the appeal in the First Circuit. Waiting for first the *New York*, and then this, appeal to resolve, may well mean that proceedings do not resume in this court until 2027. (The government has not sought to expedite either appeal.) These circumstances are a far cry from a court exercising discretion to stay "when a higher court is close to settling an important issue of law"; for example, where "the Court of Appeals has already heard argument"—as was the case in one of the examples on which Defendants rely. *See Kunsman v. Conkright*, No. 08-cv-6080L, 2018 WL 9781177, at *1 (W.D.N.Y. June 25, 2018) (quoted in Mot. at 6); *see also Driver*, 402 F. Supp. at 685–86 (denying stay where the other case was still in preliminary stages).

Moreover, in the intervening years, this case could well proceed to final judgment if it is not stayed—obviating the need for appellate review of the

preliminary injunction at all. Review of that final judgment, should it be subject to appeal, would further promote judicial efficiency by enabling the court of appeals to pass judgment on a more complete record. *See Caribbean Marine Services Co., Inc. v. Baldrige*, 844 F.2d 668, 673 (9th Cir. 1988) ("We believe that this case could have proceeded to trial, or to the summary judgment stage, in less time than it took the parties to submit these cases for appeal [on the grant of a preliminary injunction]. Had the parties pursued this course, they would have achieved a prompt resolution of the merits."). Defendants' proposal for extended two-step litigation—in which the parties and judiciary must devote a year or more to litigating Plaintiffs' "likelihood" of prevailing before this Court can decide whether Plaintiffs actually prevail—makes little sense and cannot be justified on efficiency grounds. Perhaps for this reason, district courts in this circuit have denied motions to stay pending appeals of preliminary injunctions in particular, noting that such a review would not provide a binding decision on the merits. *See Russomano v. Novo Nordisk Inc.*, No. 20-cv-10077, 2020 WL 2850253, at *2 (D. Mass. June 2, 2020); *Pharm. Care*, 332 F. Supp. 2d at 260; *see also Caribbean Marine Services*, 844 F.2d at 673 ("A preliminary injunction is, as its name implies, preliminary to the trial—not to an appeal.").

Defendants rely heavily (at 7) on Judge McConnell's decision to stay proceedings in *New York* pending appeal, suggesting this Court follow the example. But Defendants neglect to mention that their motion for stay in that case was not opposed, *see* No. 25-cv-39, Dkt. 183 (D.R.I. Apr. 17, 2025)—so it is hardly surprising that it was granted.

The delay Defendants propose here is not only likely to be far lengthier (given that, if they have their way, the appeal itself will also be stayed), there is, at minimum, "a fair possibility that the stay . . . will work damage to some one else." *See Landis*, 299 U.S. at 255. That is because Defendants seek to postpone their obligation to produce the administrative record or any other needed factual material for perhaps an additional year or more. That would "work damage" to Plaintiffs not only by needlessly delaying their access to that information but by materially increasing the risk that the same information will no longer be available when Defendants finally turn to assembling and producing the administrative record sometime in 2026, or 2027, or beyond. This risk is heightened given that the administrative proceedings here did not take place in the ordinary course and accordingly, the record will require assembly by staff with actual knowledge of the decisionmaking process at issue and, in particular, what materials were before any relevant agency decisionmakers and what consideration they gave to the obvious harmful consequences of their actions. By the time two appeals are decided, this court rules on a motion to dismiss (should Defendants choose to file one), and Defendants file their answers, memories will have faded, staff may have changed, and documents may be lost. *Cf. Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) ("Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale."); *Hall v. Toro*, No. 18-cv-355, 2022 WL 2752621, at *4 (D.R.I. July 14, 2022) (noting, in the context of an open-ended stay, that the court must consider "serious prejudice" to the non-movant, "including the fading memories of witnesses"); *Katz v. Liberty Power Corp., LLC*, No.

18-cv-10506, 2020 WL 3440886, at *4 (D. Mass. June 23, 2020) (recognizing that "a prolonged stay can make discovery unnecessarily difficult . . . as relevant employees leave and memories fade" (quoting *Sutor v. Amerigroup Corp.*, No. 1:19-cv-1602, 2020 WL 2124180, at *2 (E.D. Va. Mar. 10, 2020))).

Defendants' own authority notes that this is a salient consideration. In one of the cases they cite (at 6), the district court granting a stay found it "[s]ignificant[]" that "Plaintiffs do not argue any discovery will be inhibited or prevented if this case is stayed." *Whole Women's Health v. Hellerstedt*, No. 16-cv-1300, 2017 WL 5649477, at *2 (W.D. Tex. Mar. 16, 2017). Here, however, the opposite is true. There is "a fair possibility," *Landis*, 299 U.S. at 255, that the passage of time will degrade the quality of the administrative record, harming Plaintiffs' ultimate ability to litigate the case on the merits. The possibility of prejudice to Plaintiffs would grow greater still in the event the record is incomplete or otherwise in need of supplementation through discovery.[2]

Because there is at minimum a "fair possibility" that a stay would "work damage" to Plaintiffs, the government bears the burden in seeking the stay to "make out a clear case of hardship or inequity in being required to go forward." *Id.* at 255. The government fails to do so. "[B]eing required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.'" *Ctr. for Biological Diversity v. Ross*, 419 F. Supp. 3d 16, 21 (D.D.C. 2019); *see also Atlantic Salmon*, 2022 WL 951709,

---

[2] Of course, discovery in this case is likely only if the Court determines that Defendants have failed to assemble a record sufficient for it to resolve the parties' cross-motions for summary judgment—a possibility that becomes more likely the more time passes.

at \*5; *Does 1–6*, 2022 WL 43893, at \*3. And even if ordinary litigation costs were relevant, Defendants have not shown that seeing this case through to final judgment at this point would be particularly difficult or impose any special burden.

On this point, the district court's recent order in *National Council of Nonprofits v. Office of Management & Budget* is instructive. In that case, Defendants OMB and Director Vought sought a stay of further district court proceedings, pending the D.C. Circuit's ruling on the preliminary injunction order. Judge AliKhan ordered that Defendants produce an administrative record, and set a schedule by which Plaintiffs could submit requests for additional discovery, while otherwise staying the matter pending appeal. *See* Minute Order, No. 25-cv-239 (D.D.C. May 12, 2025). In that case, of course, Defendants have not requested a stay of the appeal, so any delay is likely to be of shorter duration. At a minimum, then, moving forward with the administrative record and any necessary discovery to protect against the degradation of evidence would be equally warranted here.

## CONCLUSION

For all these reasons, the Court should deny the motion to stay proceedings. In the alternative, if the Court is inclined to stay proceedings, it should do so only after the parties have finished assembling the record, including completing any necessary discovery.

Dated:  May 22, 2025                    Respectfully submitted,

                                         /s/ Miriam Weizenbaum

                                         Miriam Weizenbaum (RI Bar No. 5182)

DeLuca, Weizenbaum, Barry & Revens
199 North Main Street
Providence, RI 02903
(401) 453-1500
miriam@dwbrlaw.com

Kevin E. Friedl* (DC Bar No. 90033814)
Jessica Anne Morton* (DC Bar No. 1032316)
Robin F. Thurston* (DC Bar No. 1531399)
Skye L. Perryman* (DC Bar No. 984573)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kfriedl@democracyforward.org
jmorton@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

* admitted *pro hac vice*

## CERTIFICATE OF SERVICE

On May 22, 2025, I caused the foregoing and accompanying materials

to be served on all Defendants through the CM/ECF system.


/s/ Miriam Weizenbaum
Miriam Weizenbaum