UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WOONASQUATUCKET RIVER WATERSHED COUNCIL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF AGRICULTURE, *et al.*, <br><br> Defendants. | Civil Action No. 1:25-cv-97 (MSM) |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS**

Consistent with Chief Judge McConnell's stay order in *New York v. Trump* and with numerous other district court rulings around the country in a similar posture—where stays were granted because resolution of an appeal in the same or a similar matter may guide the district court in deciding issues before it—Defendants have requested a stay of district court proceedings until Defendants' appeal of this Court's preliminary injunction order is resolved. *See* ECF No. 70 ("Stay Mot."). Plaintiffs oppose Defendants' requested stay. *See* ECF No. 71 ("Stay Opp'n"). But Plaintiffs' opposition only underscores the harm to the Government and to the interests of judicial economy without such a stay, while failing to demonstrate any cognizable prejudice Plaintiffs would suffer if a stay is granted. A stay of proceedings is more than justified here.

1

***First***, Plaintiffs do not meaningfully contest that many (if not all) of the critical legal issues presented in Plaintiffs' Complaint are now before the First Circuit, and that it would serve the interests of judicial economy to await the First Circuit's guidance. *See* Stay Mot. at 4–5; *see also id.* at 9–10. Nor do Plaintiffs grapple with the fact that a stay is particularly warranted where, as here, the higher court will be considering issues bearing on Article III standing and the district court's jurisdiction to proceed at all. *Id.* at 7. Instead, Plaintiffs merely argue that the Court should continue proceedings because, if it enters final judgment, then the appeal may become moot. *See* Stay Opp'n at 5–6. But there is no reason to rush forward in district court and deny the appellate court the opportunity to consider identical issues. To the contrary, Plaintiffs' approach would effectively deprive Defendants of the opportunity to obtain appellate review of the preliminary injunction, and instead require the appeal to start all over after final judgment. Thus, continuing proceedings would not only frustrate judicial economy in this Court but in the appellate court as well.

Plaintiffs further argue that a stay is not warranted because Defendants have moved to put the *Woonasquatucket* appeal in abeyance pending resolution of the appeal in *New York v. Trump*. *See* Stay Opp'n at 5; *see also* Stay Mot. at 10 n.2.[1] But

---

[1] On May 27, 2025, the First Circuit set a briefing schedule in the appeal of this case, with the Government's opening brief and appendix being due on July 7, 2025, and Plaintiff-Appellees' response brief due 30 days later, on August 6, 2025. *See* Briefing Schedule Order, *Woonasquatucket River Watershed Council v. U.S. Dep't of Agriculture*, No. 25-1428 (May 27, 2025). Later that day, the Government moved to hold the appeal in abeyance pending resolution of the *New York v. Trump* appeal. *See* Mot. to Hold Appeal in Abeyance, *Woonasquatucket River Watershed Council v. U.S. Dep't of Agriculture*, No. 25-1428 (May 27, 2025).

2

Plaintiffs do not contest that *New York v. Trump* involves many of the same legal issues as in this case, and therefore that its resolution would likely provide guidance regarding this case, if not entirely dispose of it. Thus, while Plaintiffs assert that this circumstance shows that a stay "would undermine, not promote, judicial efficiency," Stay Opp'n at 5, the Government's motion to put the *Woonasquatucket* appeal in abeyance is aimed precisely at promoting judicial economy, particularly since the appeal in *New York v. Trump* is already underway, with the Government's opening brief already having been filed on May 27, 2025.

*Second*, Plaintiffs fail to address the potentially protracted and burdensome litigation if this matter is not stayed. As laid out in Defendants' motion to stay, if the Court were to deny a stay, then the parties would be required to brief and litigate a motion to dismiss—even though that motion would present many of the same legal arguments the Government has asked the First Circuit to address. *See* Stay Mot. at 5. If the Court were to deny that motion to dismiss, Defendants would be required to compile and produce Administrative Records for a host of vaguely defined agency actions. This would likely be followed by requests by Plaintiffs for further discovery, as Plaintiffs have already forecast doing. *See* Stay Opp'n at 9 (requesting a schedule by which Plaintiffs "could submit requests for additional discovery"); *but see Camp v. Pitts*, 411 U.S 138, 142 (1973) ("[T]he focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court."); *Common Sense Salmon Recovery v. Evans*, 217 F. Supp. 2d 17, 20 (D.D.C. 2002) (there is a "basic rule that generally discovery is not permitted in

3

Administrative Procedure Act cases because a court's review of an agency's decision is confined to the administrative record"). At that point, at a minimum the parties would need to litigate—and the Court would need to resolve—any dispute about the propriety of discovery. If such discovery were granted—despite the normal rule that discovery is impermissible in APA actions—there may be privilege disputes and other issues that require substantial expenditure of the Court's and the parties' time and resources. Of course, these burdens on the parties and the Court would be incurred all while the First Circuit is considering legal issues that may effectively resolve the case—including questions of the Court's jurisdiction to hear the case in the first place. The burden on the parties and harm to judicial economy in the absence of a stay is manifest.

*Third*, Plaintiffs do not contest that, during the pendency of the requested stay, this Court's preliminary injunction would protect them from any continuing harms allegedly stemming from the challenging actions in this case. *See* Stay Mot. at 8–9. Instead, Plaintiffs only suggest that a stay would "'work damage' to [them]" because it would delay the development of a factual record. Stay Opp'n at 7 (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936)). But this circular logic—that a stay of proceedings harms them because it stays the record development proceedings—does not state a distinct harm particular to the positions of the parties in this case and depends on the questionable proposition that delayed access to record evidence, untied to any pressing need for that evidence, is somehow prejudicial. *See In re Pabst Licensing GmbH & Co. KG Pat. Litig.*, 320 F. Supp. 3d 132, 139 (D.D.C. 2018) ("a

'generalized claim' that 'memories will fade and discovery may likely be lost' carries 'little weight' in the absence of 'any showing as to particular evidence or discovery that is at risk of being lost.'" (quoting *NFC Tech. LLC v. HTC Am., Inc.*, No. 2:13-CV-1058-WCB, 2015 WL 1069111 (E.D. Tex. 2015))). Furthermore, there is no basis to fear that delaying compilation of the record in this case would reduce its quality. *See* Stay Opp'n at 8 (declaring in merely conclusory fashion that "the passage of time will degrade the quality of the administrative record").

The case law cited by Plaintiffs on this issue is inapposite. In *Katz v. Liberty Power Corp., LLC*, No. 18-cv-10506, 2020 WL 3440886 (D. Mass. June 23, 2020), the court specifically reasoned that Plaintiffs had "already documented the loss of potential evidence in this case," *id.* at *4, which Plaintiffs here have not even attempted to do. Meanwhile, in *Hall v. Toro*, No. 18-cv-355, 2022 WL 2752621 (D.R.I. July 14, 2022), the Court denied a request for "indefinite continuation" of a stay because "a temporary stay should not be continued at the request of a mentally ill plaintiff who is not likely to improve." *Id.* at *4, *7. The Court also noted that the case had already been "protracted and delayed" and that it related to events that occurred "almost five years ago." *Id.* at *6. Thus, the circumstances of that case, and the court's reasoning for denying a stay, are not comparable to this case. Finally, Plaintiffs cite *Pagtalunan v. Galaza*, 291 F.3d 639 (9th Cir. 2002), but that decision did not address a stay motion, but instead related to a dismissal of a habeas petition. In contrast to these distinguishable situations, courts routinely grant stays of district court proceedings pending future appellate guidance—without causing any

cognizable harm to the parties or the litigation—and this case is no exception to that common practice. *See* Stay Mot. at 5–7.

***Finally***, Plaintiffs' suggestion "[i]n the alternative" that the parties "mov[e] forward with the administrative record and any necessary discovery" while the case is otherwise stayed (Stay Opp'n at 9) is improper, because it would effectively prevent Defendants from moving to dismiss the case prior to assembling the Administrative Record and engaging in any discovery the Court might allow. Plaintiffs draw an analogy to the district court's stay order in the *National Council of Nonprofits v. OMB* case. However, in that case, the Government moved to dismiss the case while simultaneously opposing the plaintiffs' motion for a temporary restraining order, and the district court denied that motion to dismiss. *See Nat'l Council of Nonprofits v. OMB*, 763 F. Supp. 3d 36 (D.D.C. 2025). Thus, the district court in that case did not order the parties to move forward with production of the Administrative Record and any discovery prior to giving the Government an opportunity to have a motion to dismiss filed and resolved, as Plaintiffs ask for here.

\*     \*     \*

For the foregoing reasons and those set forth in Defendants' motion, the Court should grant Defendants' motion to stay further proceedings in this matter until Defendants' appeal of this Court's order granting Plaintiffs' motion for a preliminary injunction is resolved.

Dated: May 29, 2025                             Respectfully Submitted,

YAAKOV M. ROTH
Acting Assistant Attorney General

ALEXANDER K. HAAS
Director

DANIEL SCHWEI
Special Counsel

*/s/ Andrew F. Freidah*
ANDREW F. FREIDAH
Senior Counsel
EITAN R. SIRKOVICH
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel.: (202) 305-0879
Fax: (202) 616-8460
Email: andrew.f.freidah@usdoj.gov

*Counsel for Defendants*

7

## CERTIFICATION OF SERVICE

    I hereby certify that on May 29, 2025, I electronically filed the within Certification with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System, thereby serving it on all registered users in accordance with Federal Rule of Civil Procedure 5(b)(2)(E) and Local Rule Gen 305.

                                                          /s/ *Andrew F. Freidah*
                                                          Andrew F. Freidah