IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WOONASQUATUCKET RIVER WATERSHED COUNCIL, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DEPARTMENT OF AGRICULTURE, *et al.*, <br><br> *Defendants*. | Case No. 1:25-cv-00097-MSM-PAS |

## MOTION FOR DISCOVERY

Plaintiffs allege that Defendants Office of Management and Budget, OMB Director Vought, and National Economic Council Director Hassett violated the Administrative Procedure Act by, in part, withholding purportedly necessary approvals to the other Defendants to release funding appropriated by the IRA and IIJA. Plaintiffs are therefore entitled to evidence relevant to those claims. But OMB's administrative record contained only two documents: the *Unleashing American Energy* executive order and the memo (M-25-11) that OMB subsequently issued. Because Defendants have not provided any information relating to these material allegations, limited, targeted discovery is warranted to obtain them.

## BACKGROUND

This case concerns grants and other federal financial assistance appropriated under the Infrastructure Investment and Jobs Act and the Inflation Reduction Act. *See* Mem. & Order Granting Mot. Prelim. Inj., ECF No. 45, at 2–3. In January 2025,

1

President Trump issued the *Unleashing American Energy* executive order. *Id.* at 8–9. As relevant here, the executive order stated that "'no funds identified in this subsection' could 'be disbursed by a given agency until the Director of OMB and Assistant to the President for Economic Policy have determined that such disbursements are consistent with any review recommendations they have chosen to adopt.'" *Id.* at 9 (quoting *Unleashing American Energy*, Exec. Order No. 14,154, 90 Fed. Reg. 8353, 8357 (Jan. 20, 2025)). The next day, the Acting OMB Director and the Assistant to the President for Economic Policy and Director of the National Economic Council issued just such review recommendations—Memo M-25-11. *Id.* As relevant here, Memo M-25-11 stated: "'[A]gency heads may disburse funds as they deem necessary after consulting with the Office of Management and Budget.'" *Id.* at 10 (quoting Memo M-25-11, ECF No. 21-1). "After that, agencies broadly paused funding." *Id.*

Plaintiffs—a collection of nonprofits—sued, seeking to set aside the funding freezes. As to OMB and Director Hassett, Plaintiffs alleged that, "[o]n information and belief, OMB has acted in concert with the other agency defendants to freeze funding appropriated by the IRA and IIJA." Am. Compl., ECF No. 21 ¶ 52. "First, OMB has directed agencies to freeze funds 'for objectives that contravene the policies established in section 2' of the *Unleashing American Energy* executive order, without legal basis, and without explaining how an agency should determine what 'contravene[s]' those policies." *Id.* ¶ 53; *see also id.* ¶¶ 94–95. "Second, OMB has directed agencies that they 'may disburse funds as they deem necessary after

2

consulting with the Office of Management and Budget.' On information and belief, to the extent that agencies have consulted with OMB about the disbursement of funds they deem necessary, OMB has acted unreasonably and without basis in withholding that consent, and requiring the agencies to continue withholding funds." *Id.* ¶ 54. Plaintiffs further alleged that, on information and belief, Defendants OMB, Director Vought, and Director Hassett have acted arbitrarily and capriciously, in excess of statutory authority, and contrary to law "by withholding purportedly necessary approvals to the other Defendants to release funding appropriated by the IRA and IIJA." *Id.* ¶¶ 87, 93, 103. Plaintiffs continued to press this theory as they moved for a preliminary injunction. *See* Mot. Prelim. Inj., ECF No. 26, at 18 n.5; Reply Supp. Mot. Prelim. Inj., ECF No. 32, at 18.

The Court granted the motion for preliminary injunction. ECF No. 45. Defendants filed a notice of appeal, ECF No. 62, and moved to stay further proceedings in the district court, ECF No. 70. The Court granted in part, denied in part, and reserved in part Defendants' motion for stay. *See* May 30, 2025 Minute Order. As relevant here, the Court ordered that Defendants produce an administrative record by June 25, and that Plaintiffs submit requests for additional discovery by July 9, *see id.*, a deadline the Court later extended to July 23, *see* July 9, 2025 Minute Order.

Defendants produced documents on June 25 along with certifications attesting that the materials constituted a "true, correct, and complete copy of the non-privileged information that was directly or indirectly considered in connection with

3

the agency's decision to pause IRA/IIJA funding following the issuance of the January 20, 2025 Executive Order entitled *Unleashing American Energy*, Exec. Order 14,154, 90 Fed. Reg. 8353." *See, e.g.*, Ex. 1. OMB's administrative record was eight pages long and consisted solely of the *Unleashing American Energy* executive order and OMB Memo M-25-11. *See* Ex. 2.

## ARGUMENT

"In a traditional APA case, the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Boston Redevelopment Authority v. National Park Service*, 838 F.3d 42, 48 (1st Cir. 2016) (internal quotation marks and citation omitted). But "[t]he fact that review sometimes or often focuses on the initial administrative record does not mean it must, or always, will do so." *Valley Citizens for a Safe Environment v. Aldridge*, 886 F.2d 458, 460 (1st Cir. 1989) (Breyer, J.). If, for example, "there was such failure to explain administrative action as to frustrate effective judicial review, the remedy [i]s . . . to obtain from the agency, either through affidavits or testimony, such additional explanation of the reasons for the agency decision as may prove necessary." *Camp v. Pitts*, 411 U.S. 138, 142–43 (1973); *see also City of Taunton v. EPA*, 895 F.3d 120, 127 (1st Cir. 2018) ("[W]e may consider supplemental evidence to facilitate our comprehension of the record or the agency's decision," such as "when we are faced with a failure to explain administrative action as to frustrate effective judicial review." (quotation marks and citation omitted)); *Emhart Indus., Inc. v. New England Container Co., Inc.*, 274 F. Supp. 3d 30, 45–46 (D.R.I. 2017) (explaining that

4

it may be necessary to consider evidence "outside the administrative record" "where the administrative agency's decision cannot be discerned or justified on the record" provided by the agency); *Harvard Pilgrim Health Care of New England v. Thompson*, 318 F. Supp. 2d 1, 9 (D.R.I. 2004) (noting that "courts have allowed parties to supplement the agency record where," among other things, "the court needs . . . additional factual evidence to aid its understanding").

Extra-record evidence is necessary here. There can be no meaningful judicial review of OMB, Director Vought's, or Director Hassett's actions if Defendants fail to disclose what those actions even were. The administrative record OMB produced addressed only one of Plaintiffs' theories regarding that agency: that, through Memo M-25-11, it unlawfully directed agencies to freeze funding. *See* Am. Compl., ECF No. 21 ¶¶ 53, 94–95. It does not address the other of Plaintiffs' theories, which Plaintiffs alleged on information and belief, as an additional or alternative ground: that OMB, Director Vought, and Director Hassett acted unlawfully in withholding purportedly necessary approvals for other agencies to release funding. *See id.* ¶¶ 54, 87, 93, 103. As the Court noted in granting the preliminary injunction, Plaintiffs' claims rests in part on their allegations that OMB and Director Hassett "lack statutory authority 'to direct agencies to freeze these funds (*or to achieve the same result by withholding purportedly necessary approvals to the disbursement of funds . . .*).'" ECF No. 45, at 45 (quoting Mot. Prelim. Inj., ECF No. 26, at 23) (emphasis added).

The parties can hardly litigate—and the Court can hardly resolve—whether those actions violated the APA if the parties and the Court do not have a shared

5

understanding of whether and on what basis those defendants withheld approvals. If, for example, it transpires that these defendants were inundated with requests to release funds and denied them all, or never acted on any, this would be essential evidence to understand that these defendants had unlawfully withheld approvals to release funding. Likewise, if these defendants approved some releases and not others, that information will permit the parties and the Court to compare those decisions to the stated criteria in Memo M-25-11 to determine if they are arbitrary and capricious or not.

Plaintiffs therefore propose to propound the following limited discovery requests, which would apply to documents between January 20, 2025 and the date of this Court's order:

### Requests for Production

1. All documents reflecting a request from EPA, Interior, Energy, HUD, or USDA to OMB, Director Vought, and/or Director Hassett to release funding appropriated by the IRA or IIJA.

2. All documents reflecting a disposition by OMB, Director Vought, and/or Director Hassett as to a request from EPA, Interior, Energy, HUD, or USDA to release funding appropriated by the IRA or IIJA.

3. All documents reflecting a policy or guidance developed by OMB, Director Vought, and/or Director Hassett relating to granting, denying, or taking other action or inaction on requests from agencies to release funding appropriated by the IRA or IIJA.

### Interrogatories

1. List all requests from EPA, Interior, HUD, Energy, or USDA to OMB, Director Vought, and/or Director Hassett to release funding appropriated by the IRA or IIJA, and their ultimate disposition (if any). This list should include the date the request was received, the agency making the request, the subject of the request, the disposition of the request (if any), and the date of the disposition (if any).

These requests are narrow, targeted, and limited in scope. They are "relevant to" Plaintiffs' claims and "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). They aim at information uniquely in Defendants' control. *See id.* And they are not unduly burdensome. *See id.* Prior to filing this motion, counsel for Plaintiffs conferred with counsel for Defendants about the need for and scope of these specific requests in a good-faith effort to resolve or at least narrow the issues requiring the Court's consideration. Defendants objected to the requests generally but declined to articulate any specific objections, propose any limitations to the requests, or suggest any possible alternatives.

Should the Court approve these proposed discovery requests, Plaintiffs will serve the requests on Defendants OMB, Director Vought, and Director Hassett in the finalized form contemplated by the Federal Rules of Civil Procedure, accompanied by instructions and definitions.*

## CONCLUSION

For the foregoing reasons, the Court should permit Plaintiffs to serve their proposed discovery requests.

---

* Should the Court decline to order this limited discovery, it should alternatively require production of the same information in order to complete the administrative record. *See generally, e.g.*, *Roe v. Mayorkas*, No. 22-cv-10808, 2024 WL 5198705, at *2 (D. Mass. Oct. 2, 2024) (explaining that "[a] party may . . . move to complete the record" upon making a "prima facie showing that the record is incomplete"). At the very least, the Court should require Defendants to confirm whether OMB's certified administrative record includes all documents and materials directly or indirectly considered by OMB relevant to withholding approval from the other defendant agencies to release funds. *See id.* at *12.

Dated: July 23, 2025

Respectfully submitted,

/s/ Miriam Weizenbaum

Miriam Weizenbaum (RI Bar No. 5182)
DeLuca, Weizenbaum, Barry & Revens
199 North Main Street
Providence, RI 02903
(401) 453-1500
miriam@dwbrlaw.com

Kevin E. Friedl* (DC Bar No. 90033814)
Jessica Anne Morton* (DC Bar No. 1032316)
Robin F. Thurston* (DC Bar No. 1531399)
Skye L. Perryman* (DC Bar No. 984573)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kfriedl@democracyforward.org
jmorton@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

* admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

On July 23, 2025, I caused the foregoing and accompanying materials to be served on all Defendants through the CM/ECF system.

        /s/ Miriam Weizenbaum
        Miriam Weizenbaum