UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WOONASQUATUCKET RIVER WATERSHED COUNCIL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF AGRICULTURE, *et al.*, <br><br> Defendants. | Civil Action No. 1:25-cv-97 (MSM) |

**OPPOSITION TO PLAINTIFFS' MOTION FOR DISCOVERY**

Plaintiffs' motion for discovery, ECF No. 76, should be denied because review in an Administrative Procedure Act (APA) case is limited to the administrative record, Defendants have lodged a complete and accurate administrative record, and Plaintiffs cannot satisfy the stringent standard required for discovery beyond the administrative record.

**BACKGROUND**

On March 17, 2025, Plaintiffs filed an amended complaint bringing three claims for relief under the APA challenging an alleged "federal funding freeze." ECF No. 21. On April 15, the Court granted preliminary relief to Plaintiffs, finding they were likely to succeed on the merits of their claims. ECF No. 45. In so holding, the Court rejected Defendants' arguments that Plaintiffs failed to identify any discrete final agency action at issue but were instead mounting an amorphous, broad programmatic attack. *Id.* Instead, the Court determined that there were "seven [final]

-1-

agency actions here: OMB and the NEC Director's decisions to issue the Unleashing Guidance mandating a pause (one action from each) and Energy, EPA, HUD, Interior, and USDA's decisions to follow that guidance by summarily freezing IIJA and IRA funds (one action from each of these five agencies)." *Id*. at 25.

Defendants filed an appeal of the Court's preliminary injunction to the United States Court of Appeals for the First Circuit, *see* Notice of Appeal, ECF No. 62, and requested a stay of this Court's proceedings pending resolution of a related appeal in *New York v. Trump*, *see* ECF No. 70. This Court granted the stay request in part but ordered the Government to produce the administrative record by June 25, 2025, and for the Plaintiffs to file any subsequent discovery request by July 9, 2025. *See* Text Order of May 30, 2025. The Government produced the administrative record and filed a notice of its production on June 25, 2025. ECF No. 74.

Counsel for the parties subsequently conferred on what Plaintiffs believed to be inadequacies in the administrative record with respect to documents certified by HUD, EPA, and OMB. Defendants agreed to supplement the administrative record with additional documents from HUD and EPA but determined that any remaining documents Plaintiffs sought from OMB were, to the extent they even exist, privileged and thus definitionally not part of the record. Plaintiffs filed a consent motion to extend their deadline to request discovery until after the agencies had the opportunity to supplement the record, which the Court granted. *See* ECF No. 75. Defendants lodged with Plaintiffs the last of the supplemental records, along with new administrative record certifications by EPA and HUD, on July 18, 2025. In the

same correspondence, Defendants reiterated their position that there were no additional administrative record materials required from OMB. Plaintiffs filed their motion for discovery seeking additional documents from OMB on July 23, 2025. ECF No. 76. In particular, Plaintiffs seek evidence relating to any consultations held pursuant to OMB Memorandum M-25-11 (the *Unleashing* guidance), which states that "[a]gency heads may disburse funds as they deem necessary after consulting with the Office of Management and Budget."

## LEGAL STANDARD

In the APA, Congress directs that courts evaluate agency action upon "the whole record or those parts of it cited by a party." 5 U.S.C. § 706. Thus, judicial review in an APA case is based upon the "full administrative record that was before [the agency] at the time [it] made [its] decision." *Citizens to Pres. Overton Park, Inc. v. Volpe,* 401 U.S. 402, 420 (1971), *abrogated on other grounds by Califano v. Saunders*, 430 U.S. 99 (1977); *see also Charlton Mem'l Hosp. v. Sullivan*, 816 F. Supp. 50, 51 (D. Mass. 1993) ("In general, judicial review of agency action taken on the basis of a formal record is based on that record and not to any extent based on evidence received in the district court."). "[T]he agency's 'designation of the Administrative Record, like any established administrative procedure, is entitled to a presumption of administrative regularity.'" *Sierra Club v. Army Corps of Eng'rs*, No. 2:20-CV-00396-LEW, 2022 WL 2953075, at *1 (D. Me. July 26, 2022) (quoting *Friends of the Boundary Mountains v. Army Corps of Eng'rs*, No. 1:12-cv-357-GZS, 2013 WL 4589466, at *2 (D. Me. Aug. 28, 2013) (quoting *Bar MK Ranches v. Yeutter*, 994 F.2d

735, 740 (10th Cir. 1993))).

"An administrative record must consist of 'all documents and materials directly or indirectly considered by [the] agency decision-makers and includes evidence contrary to the agency's position.'" *Roe v. Mayorkas*, No. 22-CV-10808-ADB, 2024 WL 5198705, at *7 (D. Mass. Oct. 2, 2024) (quoting *Town of Norfolk v. Army Corps of Eng'rs*, 137 F.R.D. 183, 185 (D. Mass. 1991) *aff'd*, 968 F.2d 1438 (1st Cir. 1992)). However, "documents within the deliberative process privilege are not ordinarily considered part of the administrative record." *Id.*, at *10 (D. Mass. Oct. 2, 2024) (citing *Town of Norfolk*, 968 F.2d at 1458-60).

A "very good reason is needed to overcome the strong presumption that the record on review is limited to the [administrative] record before the [agency]." *Liston v. Unum Corp. Officer Severance Plan*, 330 F.3d 19, 23 (1st Cir. 2003); *see also NVE, Inc. v. Dep't of Health & Human Servs.*, 436 F.3d 182, 195 (3d Cir. 2006) ("[t]here is a strong presumption against discovery into administrative proceedings[.]"); *USA Grp. Loan Servs. v. Riley*, 82 F.3d 708, 715 (7th Cir. 1996) ("Discovery is rarely proper in the judicial review of administrative action."); *Int'l Jr. Coll. of Bus. & Tech., Inc. v. Duncan*, 937 F. Supp. 2d 202, 204-05 (D.P.R. 2012) ("[T]he narrowness of the APA action for judicial review weighs heavily against discovery[.]"), *aff'd*, 802 F.3d 99 (1st Cir. 2015).

Accordingly, "discovery should not be permitted on [a party's] arbitrary and capricious claim unless [it] can demonstrate unusual circumstances justifying a departure from this general rule." *Tex. Rural Legal Aid v. Legal Servs. Corp.*, 940

F.2d 685, 698 (D.C. Cir. 1991); *see also Little Co. of Mary Hosp. v. Sebelius*, 587 F.3d 849, 856 (7th Cir. 2009) (noting "the general rule that discovery outside of the administrative record is inappropriate."). Thus, to allow discovery because an agency allegedly withheld evidence, there must be a "strong showing of bad faith or improper behavior," and discovery must provide the "only possibility for effective judicial review." *Cmty. for Creative Non-Violence v. Lujan*, 908 F.2d 992, 997 (D.C. Cir. 1990) (citing *Overton Park*, 401 U.S. at 420); *see also Olsen v. United States*, 414 F.3d 144, 155 (1st Cir. 2005) ("the district court 'may' (although it is not required to) supplement the record where there is a 'a strong showing of bad faith or improper behavior' by agency decision makers." (quoting *Overton Park*, 410 U.S. at 420)).

## DISCUSSION

Plaintiffs fail to make the "strong showing" necessary to permit the consideration of extra-record evidence for the following reasons. *Id*.

***First***, Plaintiffs apply an incorrect standard by suggesting they are entitled to "evidence relevant to [their] claims." Pls.' Mot. at 1. Mere "relevance" is not the test for whether a piece of evidence is properly a part of the administrative record. As described above, the "whole record" consists only of the non-privileged materials that were directly or indirectly considered by the agency when making the challenged decision. *See Bar MK Ranches*, 994 F.2d at 739. Thus, if a piece of evidence was not considered, or if it is privileged, then it is not a part of the administrative record.

***Second***, Plaintiffs seek documents unrelated to any final agency decision. The Court has already resolved the parties' dispute about what the challenged decisions

are in this case: OMB and the NEC Director's decision to issue the *Unleashing* guidance on January 21, 2025, and the other agency defendants' subsequent decisions to pause funding. *See supra* at 1-2. Plaintiffs challenge the adequacy of OMB's portion of the administrative record on the basis that it should include any evidence of any consultations that it may have had with other agencies pursuant to the *Unleashing* guidance. But since such consultations, assuming they even occurred, would necessarily post-date the issuance of the *Unleashing* guidance, it is factually impossible for those consultations to have been considered directly or indirectly by OMB when it made its earlier decision to issue the guidance.

**Third**, Plaintiffs seek privileged documents, which are definitionally excluded from the administrative record and not discoverable in any event. The deliberative process privilege[1] protects communications between agency decision makers and advisors—so long as those communications are both "predecisional" and "deliberative." *In re Sealed Case,* 121 F.3d 729, 737 (D.C. Cir. 1997). Excluding deliberative materials from the administrative record "encourag[es] uninhibited and frank discussion of legal and policy matters" and "prevent[s] injury to the quality of agency decisions." *Tafas v. Dudas*, 530 F. Supp. 2d 786, 794 (E.D. Va. 2008) (citing *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 150-52 (1975)). "Requiring the inclusion of deliberative materials in the administrative record would pressure agencies to conduct internal discussions with judicial review in mind, rendering 'agency

---

[1] If the Court grants Plaintiffs' motion for discovery, Defendants reserve the right to raise privilege assertions other than deliberative process privilege should they apply.

proceedings . . . useless both to the agency and to the courts.'" *Id.* (quoting *San Luis Obispo Mothers for Peace v. NRC*, 789 F.2d 46, 44-45 D.C. Cir. 1986)). "[B]ecause predecisional and deliberative documents are not part of the administrative record, they are deemed immaterial and therefore not discoverable." *Roe*, 2024 WL 5198705, at *10 (citing *Oceana, Inc. v. Ross*, 920 F.3d 855 (D.C. Cir. 2019)).

Despite Plaintiffs' attempts to label the evidence it seeks as relating to "withheld approvals," Pls.' Mot. at 6, the text of the *Unleashing* guidance is clear that it only requires consultation with OMB, not approval from it. *See* the *Unleashing* guidance at 1 ("Agency heads *may disburse funds as they deem necessary* after consulting with the Office of Management and Budget." (emphasis added)). As "consulting" is by its nature "deliberative," it is obvious why the deliberative process privilege would apply to any evidence relating to these consultations, should it even exist. Moreover, this evidence would be "predecisional" because it predates any final agency decisions to disburse or not disburse funding (which are the other decisions, in addition to the issuance of the *Unleashing* guidance, that the Court identified as at issue in this case, *see supra* at 1-2). Those agency decisions are the subject of separate administrative records that Plaintiffs do not challenge.

***Fourth***, Plaintiffs do not assert let alone prove the requisite showing of bad faith or improper behavior needed to obtain extra-record review. Defendants have acted diligently to compile the administrative record and produce it. When Plaintiffs raised reasonable concerns about the adequacy of the records, Defendants acted

-7-

promptly to supplement the administrative record and recertify it. Thus, Plaintiffs fail to make the "strong showing of bad faith or improper behavior." *Cmty. for Creative Non-Violence*, 908 F.2d at 997.

***Finally***, effective judicial review is possible without extra-record evidence. *See id.* The release of the *Unleashing* guidance, which, as the Court identified, is the only action by OMB at issue, is readily reviewable without looking to evidence that postdates its issuance. The record that OMB produced, which includes the *Unleashing American Energy* executive order and the guidance itself, are all the Court need look at to determine whether the decision to issue the guidance aligned with the APA's procedural and substantive requirements. And OMB's decision rises or falls based on the adequacy of that record.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion should be denied.

Dated: August 6, 2025               Respectfully Submitted,

                                    BRETT A. SHUMATE
                                    Assistant Attorney General
                                    Civil Division

                                    ALEXANDER K. HAAS
                                    Director
                                    Civil Division, Federal Programs Branch

                                    JOSEPH E. BORSON
                                    Assistant Director
                                    Civil Division, Federal Programs Branch

                                    */s/ Eitan R. Sirkovich*
                                    EITAN R. SIRKOVICH
                                    CHRISTOPHER M. LYNCH

Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
Tel.:     (202) 353-5525
Email:    eitan.r.sirkovich@usdoj.gov

*Counsel for Defendants*

## CERTIFICATION OF SERVICE

      I hereby certify that on August 6, 2025, I electronically filed the within Certification with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System, thereby serving it on all registered users in accordance with Federal Rule of Civil Procedure 5(b)(2)(E) and Local Rule Gen 305.

                                    /s/ *Eitan R. Sirkovich*
                                    Eitan R. Sirkovich