IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WOONASQUATUCKET RIVER WATERSHED COUNCIL, *et al.*, <br><br>*Plaintiffs*, <br><br>v. <br><br>DEPARTMENT OF AGRICULTURE, *et al.*, <br><br>*Defendants*. | Case No. 1:25-cv-00097-MSM-PAS |

**PLAINTIFFS' FOURTH STATUS REPORT REGARDING COMPLIANCE**

After this Court granted Plaintiffs' motion for preliminary relief, it took four status conferences over three weeks before the Court could confirm that "all agencies were complying." ECF No. 68, at 1. The Court noted, however, that it "welcomes status reports from the parties if further compliance issues arise." *Id.* at 5. Plaintiffs submit this report after learning that HUD appears to remain out of compliance with respect to a significant funding stream affecting affordable housing, particularly impacting vulnerable seniors.

On April 15, this Court ordered that HUD, along with other agencies, was enjoined "from freezing, halting, or pausing on a non-individualized basis the processing and payment of funding that (1) was appropriated under the Inflation Reduction Act or the Infrastructure Investment and Jobs Act and (2) has already been awarded." ECF No. 45, at 61. The Court further ordered that HUD must "take immediate steps to resume the processing, disbursement, and payment of already-

1

awarded funding appropriated under [those statutes] and to release awarded funds previously withheld or rendered inaccessible." *Id.*

Following that order—and the first of these status conferences—HUD acknowledged that the Green and Resilient Retrofit Program, known as GRRP, is "the only IRA/IIJA-appropriated grant funding that HUD administers." ECF No. 51, at 3.[1]  HUD confirmed that "HUD is aware that several paragraphs in the Court's injunction are not limited only to 'disbursements' and also apply to 'processing' of already-awarded grants." *Id.*  And (as of April 23) HUD further informed the Court that "HUD has resumed processing awarded GRRP loans/grants as it would in the ordinary course." *Id.*  In reliance on HUD's statements, the parties and the Court declined to further press the question of HUD's compliance.  *See* ECF No. 52, at 2.

On July 31—more than three months after this Court's order—a news article reported that hundreds of millions of dollars of GRRP funds remains frozen, and revealed that HUD had never resumed processing those funds following the Court's order.  *See* Ex. 1.  As the article explains, GRRP is divided into three streams of funding: Elements, Leading Edge, and Comprehensive. *Id.* at 3.  As far as Plaintiffs are aware—and as described in the news article—Elements and Leading Edge funding are being processed in accordance with the Court's order.  *Id.* at 3.  But Comprehensive funding has remained frozen—apparently because HUD staff are "still waiting for direction from headquarters" after terminating the contractors that were supposed to work on these grants.  *Id.* at 4.

---

[1] GRRP provides funding for safety and energy-efficiency upgrades at HUD-assisted multifamily buildings.

This continued freeze is particularly concerning because the Comprehensive stream involves the largest grants of the three: "up to $80,000 per unit, or $20 million total" for "more complicated, full-building retrofits that required significant technical assistance to plan." *Id.* at 3. According to the article, this continued freeze affects around one hundred low-income housing providers that had been awarded more than $760 million under GRRP. *Id.* at 1.

The accompanying declaration from a Comprehensive grantee confirms that grantees are experiencing a continuing freeze and makes clear the real-world, significant impacts of that freeze. That declarant received multiple Comprehensive grants to upgrade properties that serve residents with a median age of 74 and a median income of $14,200 per year. *See* Ex. 2 ¶ 10. They live in properties that are nearly thirty years old, some of which have never been upgraded or updated—and as a result, have old and inefficient HVAC systems, leaking windows, poor insulation causing drafty winters and making pipes susceptible to freeze damage, roofs susceptible to storm damage, and dim lighting affecting seniors with failing eyesight. *Id.* As the declarant explains, the grants would enable them "to upgrade old apartments, ensure healthy environments for our residents, extend the useful life of the buildings, and overall improve the quality of life for residents there"—enabling them to "preserve this affordable housing for seniors for another twenty years or more." *Id.* ¶ 12. But although these grants were all awarded more than a year ago, their processing seems to have been completely frozen since mid-February. *Id.* ¶ 15. And this does not appear to be an isolated experience. *Id.* ¶ 18.

Plaintiffs have shared these concerns with defense counsel in an effort to resolve this issue without requiring judicial involvement. Defense counsel have taken the position that HUD "is complying with the Court's order and the GRRP funding in question is neither paused nor frozen." However, according to HUD, "[t]he awards referenced in the article are still being processed but require the assignment of additional staff, their assessment of reports, and then the development of the scope of work with the relevant owners"—apparently not disputing that the awards are not moving forward at present. Further, defense counsel have not identified any specific actions that HUD has taken to move forward with these steps and resume processing these awards since the Court's April 15 order, any timeline for doing so, or why, as the article reports, awardees have seen no progress during those months.

Plaintiffs therefore respectfully propose that a further status report from HUD, accompanied by a sworn declaration, and an additional status conference would be helpful to elicit information about the status of these awards, clarify prior representations that "HUD has resumed processing awarded GRRP loans/grants as it would in the ordinary course," ECF No. 51, at 3, and confirm that HUD has now finally begun processing the Comprehensive awards.

Dated: August 7, 2025               Respectfully submitted,

                                    /s/ Miriam Weizenbaum

                                    Miriam Weizenbaum (RI Bar No. 5182)
                                    DeLuca, Weizenbaum, Barry & Revens
                                    199 North Main Street
                                    Providence, RI 02903

(401) 453-1500
miriam@dwbrlaw.com

Kevin E. Friedl* (DC Bar No. 90033814)
Jessica Anne Morton* (DC Bar No. 1032316)
Robin F. Thurston* (DC Bar No. 1531399)
Skye L. Perryman* (DC Bar No. 984573)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kfriedl@democracyforward.org
jmorton@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

* admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

On August 7, 2025, I caused the foregoing and accompanying materials to be served on all Defendants through the CM/ECF system.

/s/ Miriam Weizenbaum
Miriam Weizenbaum
