UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WOONASQUATUCKET RIVER WATERSHED COUNCIL, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF AGRICULTURE, *et al.*,<br><br>Defendants. | Civil Action No. 1:25-cv-97 (MSM) |

**JOINT STATUS REPORT**

*Report from Defendants*

Pursuant to the Court's Minute Entry of August 13, 2025, Defendants report that the Department of Housing and Urban Development ("HUD") is in the process of amending the Green and Resilient Retrofit Program's ("GRRP") requirements set forth in Housing Notice 2023-05, as amended by Housing Notice 2024-01, *see* Ex. A, ECF No. 80-1, to modify the requirement that awardees coordinate with Multifamily Assessment Contractors ("MACs"). As was reported at the August 13, 2025, Status Conference, the HUD program office responsible for administering GRRP submitted a recommendation to HUD leadership that included draft amendment language in May. Since the status conference, HUD leadership at the Office of Housing has been conducting its internal clearance review of this draft language as referenced in the Davis Declaration, *see* ECF No. 80-1 at ¶22. Once that is completed, the draft language will move into the departmental clearance process, *see id.*, and the HUD offices involved in the clearance process will be directed to provide any feedback by a

date certain. It has not yet been determined whether the draft amendment will also need to be reviewed by the Office of Management and Budget ("OMB").

Defendants further report that pursuant to the Court's directive in the August 13, 2025, Status Conference, the program office has produced the termination notices and stop work orders that were sent to the MACs. These documents are attached as exhibits to this status report. The exhibits show that each of the ten MACs[1] with active contracts was terminated on February 12, 2025. Each MAC received an email titled "Notice of Termination for Convenience," which stated, "This email is the notification of the Government's decision to terminate [recipient MAC's contract]. You are directed to immediately stop all work hereunder and shall immediately cause any and all [*sic*] suppliers and subcontractors to cease work. A formal Modification document will follow in the next several days. Please reply that you received this email notification of Termination for Convenience." *See* Exs. 1, 3, 5, 7, 10, 12, 16. Later that day, each MAC was sent a modification document, *see* Exs. 2, 4, 6, 8, 9, 11, 13, 14, 15, 17, which stated, "The purpose of this unilateral modification is to terminate all unobligated and unexercised CLINS [Contract Line Item Numbers] on this contract. As per the email Notice of Termination sent on February 12, 2025, this contract is terminated in full and all work must stop." Each modification document cited as its authority Federal Acquisition Regulation 52.212-4, which states, "The

---

[1] In addition to the ten MACs, there was one contractor that was not technically a MAC, according to the program office, but still had responsibilities relevant to the GRRP program. That contractor was partially terminated. *See* Exs. 18-19.

Government reserves the right to terminate this contract, or any part hereof, for its sole convenience."

While Defendants believe it is likely outside the scope of the Court's directive, in the interest of full transparency, Defendants have also attached a document from January 30, 2025, which cancelled HUD's solicitation for additional MACs. Ex. 20. This document states that the cancellation of the solicitation was done "in accordance with Section 7 of the Executive Order 'Unleashing American Energy.' This Executive Order mandates that all federal agencies immediately pause disbursement of funds appropriated under the Inflation Reduction Act of 2022 (Public Law 117-169) ["IRA"]." *Id*. This document demonstrates that when HUD acted pursuant to the IRA funding pause, it said so explicitly. Furthermore, a government wide policy pausing IRA funding necessarily prevented the agency from hiring new MACs, but it did not require the termination of existing ones. Accordingly, while the cancellation of the MAC solicitation was part of the IRA funding pause, the later termination of existing MAC contracts cannot properly be considered a part of the same funding pause.

The parties will continue to provide biweekly status reports regarding the amendment to the GRRP program requirements pursuant to the Court's Minute Entry of August 13, 2025.

*Report from Plaintiffs*

Plaintiffs have seen no indication that Defendants have resumed processing Comprehensive awards under the GRRP or have made any concrete progress toward

resuming such processing since the August 13 status conference. Wesley Living, for example, reports that it has received no communications from HUD and seen no progress in the processing of any of its Comprehensive awards since then. All of the real-world impacts of Defendants' continued freeze, including on the vulnerable seniors who are slated to benefit from these awards, remain as described in Plaintiffs' prior status report.

Defendants represented at the August 13 status conference and in their accompanying filings that they have been unable to resume processing Comprehensive awards because of their prior decision to terminate contracts with the MACs. Defendants stated that in their view they cannot resume processing Comprehensive awards until they have modified the applicable "Housing Notice" to eliminate the need for the MACs' involvement. Defendants stated that the most recent step HUD had taken in order to modify that notice occurred in May, when a recommendation was sent to HUD leadership concerning a revised notice. Defendants provided no further updates, no estimated timeline, no explanation why HUD leadership has required months to review the notice, no account of what additional steps may be required to complete HUD leadership's review, and no clear account of what additional steps may be required *after* HUD leadership's review. Defendants correctly conceded that they could not run out the clock by simply slow-walking the process of modifying the notice.

Defendants' report today provides exactly one additional relevant detail beyond what the government previously stated: Once HUD leadership has finished

its review of the revised notice, the draft "will moved into the departmental clearance process," during which the relevant HUD offices "will be directed to provide any feedback by a date certain." Plaintiffs respectfully submit that this purported update is facially insufficient. It provides little information about what steps remain before HUD resumes processing the awards this Court ordered unfrozen in its April 15 order, and no information about when those steps may be completed. Nor does Defendants' report indicate that they have done *anything* since the August 13 status conference to move closer to processing these important awards; its statement that "HUD leadership at the Office of Housing has been conducting its internal clearance review" offers no specifics, nor any indication of whether this "review" has moved closer to completion. On this record, given the lack of detail the government has provided, there is little basis to conclude that HUD is not slow-walking its compliance with the order that has now been in place for more than four months.

Dated: August 27, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director
Civil Division, Federal Programs Branch

JOSEPH BORSON
Assistant Director
Civil Division, Federal Programs Branch

*/s/ Eitan Sirkovich*
EITAN R. SIRKOVICH

CHRISTOPHER M. LYNCH
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel.: (202) 353-5525
Email: eitan.r.sirkovich@usdoj.gov

*Counsel for Defendants*

/s/ Miriam Weizenbaum

Miriam Weizenbaum (RI Bar No. 5182)
DeLuca, Weizenbaum, Barry & Revens
199 North Main Street
Providence, RI 02903
(401) 453-1500
miriam@dwbrlaw.com

Kevin E. Friedl* (DC Bar No. 90033814)
Jessica Anne Morton* (DC Bar No. 1032316)
Robin F. Thurston* (DC Bar No. 1531399)
Skye L. Perryman* (DC Bar No. 984573)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kfriedl@democracyforward.org
jmorton@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

* admitted *pro hac vic*

*Counsel for Plaintiffs*