UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WOONASQUATUCKET RIVER WATERSHED COUNCIL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF AGRICULTURE, *et al.*, <br><br> Defendants. | Civil Action No. 1:25-cv-97 (MSM) |

**JOINT STATUS REPORT**

*Report from Defendants*

Pursuant to the Court's Minute Entry of August 13, 2025, Defendants report that the Department of Housing and Urban Development ("HUD") remains in the process of amending the Green and Resilient Retrofit Program's ("GRRP") requirements set forth in Housing Notice 2023-05, as amended by Housing Notice 2024-01, *see* Ex. A, ECF No. 80-1, to modify the requirement that awardees coordinate with Multifamily Assessment Contractors ("MACs").

As noted in the last Joint Status Report, the Office of Housing submitted the draft Notice into the Departmental clearance process on September 10. During the clearance process, offices other than the Office of Housing are provided an opportunity to comment on the draft document. The other offices were given a deadline of close of business on September 24 to provide their comments. On September 24, one office asked for a one-week extension, which was granted consistent with normal clearance practice.

The clearance process timeline varies dramatically from document to document; some can be published within 2-3 weeks, while others take several months. The process typically takes longer if an office submits non-concurrence comments that must be resolved, and that length of time is dependent upon how substantial the non-concurrence comments are (*e.g.*, a typo versus a policy disagreement). Some non-concurrence disputes may ultimately need to be escalated to the Office of the Secretary for arbitration if the negotiating offices cannot reach agreement. It is impossible to predict the likely timeframe to negotiate comments on the draft GRRP Notice until the comments are reviewed following the clearance deadline, which has now been extended to October 1. If the edits to the document in response to comments are considered significant, the document may be required to go through the clearance process again so that other offices could review the revised text, which is referred to as "re-clearance."

After the Departmental clearance process is complete, the Office of Housing will need to confirm that the Office of the Secretary authorizes the document to proceed. At this point, the Office of the Secretary will determine whether the document can either proceed to publication or if it needs to be submitted to the Office of Management and Budget ("OMB") for review. If submitted to OMB for review, the staff examiner at OMB will review the draft. OMB review typically takes 3-6 weeks, after which the examiner provides questions and comments to HUD. It typically takes the Office of Recapitalization a few weeks to discuss issues with OMB and make any additional revisions to the text which may be necessary. This process can take

longer if the examiners identify issues requiring OMB leadership involvement or if the review process overlaps with other time-sensitive OMB tasks.

Once a draft Notice has completed Departmental clearance, secured approval from the Office of the Secretary and from OMB, if applicable, then the document is prepared for signature prior to publication. This Notice will require final sign-off from the Office of Recapitalization, the Office of Multifamily Housing Programs, and the Office of Housing. The signature process usually takes roughly a week. The Notice would likely be published 1-3 business days after it is signed by leadership of the Office of Housing.

Plaintiffs calculate that all the above could take up to seven months, but this is an extreme estimate that assumes each step above will ultimately be required and take the maximum amount of time that is normal. A more realistic benchmark of how long the process will most likely take was provided in the Declaration of Thomas Davis, ECF No. 80-1, which explained that the original Housing Notice entered departmental clearance in February 2024 and was published in May 2024. At this time, HUD does not have reason to expect that the length of the current process will substantially differ from the 2024 process.

*Report from Plaintiffs*

Defendants' update acknowledges that HUD remains some distance away from even beginning to process Comprehensive awards under the GRRP. In the meantime, Plaintiffs and other award recipients—along with members of their communities—

continue to suffer irreparable harm.

Defendants have only now, more than six weeks after Plaintiffs raised this issue, outlined in detail the full process they expect to undertake before they can begin to comply with this Court's order. In a best-case scenario, that process seems likely to take at least another month. But Defendants acknowledge that it could take seven months or more—meaning that Defendants would be taking well over a *year* since the Court's order of preliminary relief to come into compliance. This delay is particularly concerning given that it took less than three months to clear and publish the original version of the notice HUD is now revising, *see* Dkt. 80-1 ¶ 22, and it has now been more than five months since the Court entered its order.

Plaintiffs believe that biweekly status reports continue to be necessary. In particular, by the time of the next status report, Defendants should be able to estimate the timeframe to complete the departmental clearance process, or even have completed that process. Having concrete estimates about timing moving forward will enable Plaintiffs and the Court to determine whether a hearing is necessary to confirm that Defendants are not slow-walking this review process to further delay compliance with the Court's order.

Dated: September 24, 2025          Respectfully submitted,

                                   BRETT A. SHUMATE
                                   Assistant Attorney General
                                   Civil Division

                                   ALEXANDER K. HAAS
                                   Director
                                   Civil Division, Federal Programs Branch

JOSEPH BORSON
Assistant Director
Civil Division, Federal Programs Branch

*/s/ Eitan Sirkovich*
EITAN R. SIRKOVICH
CHRISTOPHER M. LYNCH
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel.: (202) 353-5525
Email: eitan.r.sirkovich@usdoj.gov

*Counsel for Defendants*

/s/ Miriam Weizenbaum

Miriam Weizenbaum (RI Bar No. 5182)
DeLuca, Weizenbaum, Barry & Revens
199 North Main Street
Providence, RI 02903
(401) 453-1500
miriam@dwbrlaw.com

Kevin E. Friedl* (DC Bar No. 90033814)
Jessica Anne Morton* (DC Bar No. 1032316)
Robin F. Thurston* (DC Bar No. 1531399)
Skye L. Perryman* (DC Bar No. 984573)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kfriedl@democracyforward.org
jmorton@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

* admitted *pro hac vice*

*Counsel for Plaintiffs*