# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WOONASQUATUCKET RIVER WATERSHED COUNCIL, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DEPARTMENT OF AGRICULTURE, *et al.*, <br><br> *Defendants*. | Case No. 1:25-cv-00097-MSM-PAS |

## OPPOSITION TO MOTION FOR STAY

The government has moved to stay upcoming deadlines in this case—indefinitely—in light of the government shutdown. Dkt. 88. Plaintiffs oppose this motion to the extent that a stay will further delay compliance with the Court's April 15 order directing an end to Defendants' unlawful funding freezes. The government has offered no reasoned basis to find otherwise.

Most proceedings in this case are already stayed pending appeal. *See* May 30, 2025 Text Order. The Court continues, however, the critical work of monitoring compliance with its April 15 order to "resume the processing, disbursement, and payment of already-awarded funding appropriated under the Inflation Reduction Act or the Infrastructure Investment and Jobs Act." Dkt. 45, at 61. Because, more than five months later, HUD remains out of compliance, this Court has ordered the parties to submit joint status reports every two weeks to ensure that HUD makes progress. *See* Aug. 13, 2025 Minute Entry. HUD's compliance is of critical importance with

1

respect to a significant funding stream affecting affordable housing, particularly impacting vulnerable seniors. *See* Dkt. 78. Staying these reports or excusing HUD from its obligations to come into compliance with a Court order would cause further irreparable harm to Plaintiffs and the communities they serve.

The government does not address these harms. Instead, its argument boils down to one sentence: that counsel at the Department of Justice and employees of the Defendants "are prohibited from working, even on a voluntary basis, except in very limited circumstances." Dkt. 88, at 1. This is unpersuasive, however, because this case falls squarely within those "limited circumstances." This prohibition does not apply where the work is "authorized by law," 31 U.S.C. § 1342—which includes when the Court denies a request for stay. *See Kornitzky Group, LLC v. Elwell*, 912 F.3d 637, 638 (D.C. Cir. 2019) (Srinivasan, J., concurring). Indeed, the Department of Justice itself has recognized that "[i]f a court denies such a request [for stay] and orders a case to continue, the Government will comply with the court's order, which would constitute express legal authorization for the activity to continue." *U.S. Department of Justice FY 2026 Contingency Plan* 3 (Sept. 29, 2025), https://perma.cc/XT7Z-VTFZ. Applying that reasoning, the D.C. Circuit has long denied motions for stays during government shutdowns. *See Kornitzky Group*, 912 F.3d at 639 ("So far as we have been able to determine, not a single motion seeking a stay was granted during the 2013 shutdown. . . . [D]uring the current Government shutdown, our practice has been the same."). At least one court in this district has already denied a motion for stay during this present shutdown. *See* Text Order,

*Rhode Island Coalition Against Domestic Violence v. Kennedy*, No. 25-cv-342 (D.R.I. Oct. 1, 2025); *see also* U.S. District Court, District of Rhode Island, *Court Operating Status During Government Shutdown*, https://perma.cc/9U9H-39TU (last visited Oct. 2, 2025) (explaining that the Court "will remain fully open and operational" and that "matters may continue to be scheduled with the Court in the ordinary course").

Put simply, if the Court denies the motion for stay, the only basis on which the government relies dissolves. This is all the more warranted where the requirement to file biweekly joint status reports is *already* an order to secure compliance with a *prior* order: there is already legal authorization for this work. And as Plaintiffs have made clear throughout this matter, the HUD GRRP grants in particular affect the safety and habitability of property, with consequent—and irreparable—impact on the safety of the vulnerable people who live there. *See, e.g.*, Dkt. 26-3 ¶¶ 8, 13; Dkt. 78-2 ¶¶ 3, 5–6, 10, 12. To be clear: section 1342 applies not only to the Department of Justice, but also to the agency defendants, who are "authorized by law" to comply with this Court's order. So in addition to the Department of Justice continuing to report on HUD's progress, HUD should continue to make progress towards compliance.*

---

* Additionally, HUD's own guidance makes clear that employees can continue to support activities that "include congressionally authorized or appropriated functions for which Congress has provided funding that remains available during the lapse, where the suspension of the related activity would prevent or significantly damage the execution of the terms of the statutory authorization or appropriation." *HUD Contingency Plan for Possible Lapse in Appropriations 2025*, at 8 (Sept. 29, 2025), https://perma.cc/T6JM-H4P7. Because the GRRP funds have already been appropriated, failing to process these already awarded funds would undermine that prior appropriation.

Other than that ongoing compliance with the April 15 order, the only other ongoing work in this case relates to discovery. Defendants have yet to produce any documents or a verified interrogatory response in response to Plaintiffs' discovery requests, which this Court had already approved on August 8, *see* Dkt. 79. The parties are continuing to address this issue among themselves. Plaintiffs do not oppose a stay of the government's discovery obligations (without waiving any arguments regarding the failure to provide discovery to date).

Dated:  October 2, 2025                        Respectfully submitted,

/s/ Miriam Weizenbaum

Miriam Weizenbaum (RI Bar No. 5182)
DeLuca, Weizenbaum, Barry & Revens
199 North Main Street
Providence, RI 02903
(401) 453-1500
miriam@dwbrlaw.com

Kevin E. Friedl* (DC Bar No. 90033814)
Jessica Anne Morton* (DC Bar No. 1032316)
Robin F. Thurston* (DC Bar No. 1531399)
Skye L. Perryman* (DC Bar No. 984573)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kfriedl@democracyforward.org
jmorton@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

* admitted *pro hac vice*

## CERTIFICATE OF SERVICE

On October 2, 2025, I caused the foregoing and accompanying materials to be served on all Defendants through the CM/ECF system.

<u>/s/ Miriam Weizenbaum</u>
Miriam Weizenbaum