UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WOONASQUATUCKET RIVER WATERSHED COUNCIL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF AGRICULTURE, *et al.*, <br><br> Defendants. | Civil Action No. 1:25-cv-97 (MSM) |

**REPLY IN SUPPORT OF MOTION FOR A STAY IN LIGHT OF LAPSE OF APPROPRIATIONS**

The United States of America hereby files this reply memorandum in response to Plaintiffs' opposition to its stay motion. As set forth in paragraph 5 of the government's motion (ECF No. 88, ¶ 5) and confirmed in Plaintiffs' opposition (ECF No. 89 at 3), Plaintiffs do not oppose a stay of the government's discovery obligations pursuant to the Court's August 8, 2025 order. See ECF No. 89 at 2 ('Plaintiffs do not oppose a stay of the government's discovery obligations."). There is thus no dispute that Defendants' motion should be granted at least to the extent that it stays all Defendants' discovery obligations until Congress has restored appropriations to the Department.

As to Defendants' obligation to prepare biweekly joint status reports—Defendants' sole ongoing obligation as to which Plaintiffs oppose a stay—Defendants respectfully submit that the Anti-Deficiency Act requires that absent an appropriation, Department of Justice attorneys and employees of the Defendant

agencies are prohibited from working, even on a volunteer basis, "except for emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. The Act specifically states that "the term 'emergencies involving the safety of human life or the protection of property' does not include ongoing, regular functions of government the suspension of which would not imminently threaten the safety of human life or the protection of property." *Id*. Defendants respectfully submit that preparing biweekly joint status reports does not constitute such an emergency. To be clear, Defendants recognize that if this Court orders otherwise, they will be required to—and will—comply with this Court's order. But that fact does not render the Anti-Deficiency Act a nullity that can be overridden as a matter of course without consideration of the applicable statutory factors.

Dated: October 8, 2025         Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

ALEXANDER K. HAAS
Director

JOSEPH BORSON
Assistant Director, Federal Programs Branch

*/s/ Christopher M. Lynch*
EITAN R. SIRKOVICH
CHRISTOPHER M. LYNCH
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel.: (202) 353-4537
Email: christopher.m.lynch@usdoj.gov