UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WOONASQUATUCKET RIVER WATERSHED COUNCIL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF AGRICULTURE, *et al.*, <br><br> Defendants. | Civil Action No. 1:25-cv-97 (MSM) |

**JOINT STATUS REPORT**

*Report from Defendants*

Pursuant to the Court's Minute Entry of August 13, 2025, Defendants report that the Department of Housing and Urban Development ("HUD") remains in the process of amending the Green and Resilient Retrofit Program's ("GRRP") requirements set forth in Housing Notice 2023-05, as amended by Housing Notice 2024-01, *see* Ex. A, ECF No. 80-1, to modify the requirement that awardees coordinate with Multifamily Assessment Contractors ("MACs").

As previously noted, the Office of Housing submitted the draft Notice into the Departmental clearance process on September 10 and the deadline for comments was October 1, 2025. At midnight on October 1, however, the Federal Government's spending authority expired, most HUD staff were placed on furlough status, and nearly all HUD activities were suspended. Specifically, work on clearance documents including the revised Notice was suspended and staff working on the Notice were furloughed. The Office of Recapitalization did not receive the clearance comments

from commenting offices prior to the lapse in appropriations. The Office of Recapitalization anticipates receiving those comments within a day or two after the current lapse in appropriations concludes.

*Report from Plaintiffs*

Defendants' update reveals that, since the parties' last joint status report, HUD has not completed any concrete steps toward resuming the processing and payment of Comprehensive awards under the Green and Resilient Retrofit Program. It also reveals that HUD has now indefinitely ceased all such efforts, notwithstanding the Court's order directing HUD to "take immediate steps to resume the processing, disbursement, and payment" of, among other funding streams, these critically important awards. ECF No. 45 at 61. The Court should order HUD to do the work necessary to comply with its order.

The Court's April 15 order granting Plaintiffs' motion for preliminary relief remains in effect and requires HUD to take steps to resume the processing and payment of Comprehensive GRRP awards. ECF No. 45 at 61. As the Court previously noted, a failure by HUD to "resume[] processing awarded GRRP loans/grants as it would in the ordinary course" would constitute "a serious violation of the Court's order." Text Order of Aug. 8, 2025. But that is exactly what Defendants' update reveals they have done.

The present lapse in appropriations does not justify HUD's unilateral decision to put pens down and cease its already scant efforts to come into a compliance with

the Court's order—a decision that HUD made without first notifying, let alone seeking leave from, the Court. *Cf.* U.S. District Court, District of Rhode Island, Court Operating Status During Government Shutdown, https://perma.cc/9U9H-39TU (last visited Oct. 8, 2025) (emphasizing that courts in this District "remain fully open and operational"). (Defendants also failed to notify Plaintiffs or other recipients of Comprehensive GRRP awards, who continue to be left largely in the dark as they suffer irreparable injury from HUD's continued foot-dragging.) As Plaintiffs explained in their opposition to Defendants' motion for a stay, *see* ECF No. 89 at 2–3, and as the Department of Justice has itself acknowledged, a court's order to take action "constitute[s] express legal authorization for the activity to continue" during a lapse in appropriations, Department of Justice FY 2026 Contingency Plan 3 (Sept. 29, 2025), https://perma.cc/XT7Z-VTFZ.

In seeking a stay, Defendants have claimed that the Anti-Deficiency Act "prohibit[s]" government employees "from working, even on a volunteer basis, 'except for emergencies involving the safety of human life or the protection of property.'" ECF No. 90 at 2 (quoting 31 U.S.C. § 1342). That is incorrect, as the Department of Justice's own statements and actions reinforce. The Act's prohibition on working during shutdown does not apply where work is either "authorized by law" *or* is related to "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. The exception for work "authorized by law"—regardless of whether the work relates to an emergency—is why the Department of Justice has acknowledged that court orders constitute authorization for activity to continue during a shutdown.

And it is why Defendants agree that they were required to submit this joint status report (which they would surely not claim involves an emergency threatening life or property). For the same reason, HUD is required to continue working toward compliance with the Court's order.

The administration has shown itself willing to make staff available for certain work. For example, the Department of Justice has estimated that 89 percent of its employees "would be excepted from furlough," *id.* at 2, and it has reportedly directed attorneys that they "should NOT seek a stay on any civil immigration matters, whether affirmative or defensive," Ben Penn, *DOJ Seeks to Continue Civil Immigration Cases in Shutdown*, Bloomberg Law (Oct. 3, 2025), https://news.bloomberglaw.com/us-lawweek/doj-seeks-to-continue-civil-immigration-cases-in-shutdown. There is no basis on which to treat compliance with the Court's order differently.

The Court should make clear HUD's continuing obligation to resume the processing and payment of GRRP awards. It should also require Defendants to file a supplemental status report—in addition to the biweekly reports already required—by October 10 that (a) confirms that counsel have notified the appropriate officials at HUD and any other involved agency, such as OMB, of their obligations to continue taking steps to process and pay these awards and (b) describes with specificity what additional efforts have been made since this report. Should that supplemental status report fail to reflect any genuine effort to come into compliance, the Court may wish to consider whether a status conference or other action is appropriate.

Dated: October 8, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director
Civil Division, Federal Programs Branch

JOSEPH BORSON
Assistant Director
Civil Division, Federal Programs Branch

<u>/s/ Eitan Sirkovich</u>
EITAN R. SIRKOVICH
CHRISTOPHER M. LYNCH
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel.: (202) 353-5525
Email: eitan.r.sirkovich@usdoj.gov

*Counsel for Defendants*

<u>/s/ Miriam Weizenbaum</u>

Miriam Weizenbaum (RI Bar No. 5182)
DeLuca, Weizenbaum, Barry & Revens
199 North Main Street
Providence, RI 02903
(401) 453-1500
miriam@dwbrlaw.com

Kevin E. Friedl* (DC Bar No. 90033814)
Jessica Anne Morton* (DC Bar No. 1032316)
Robin F. Thurston* (DC Bar No. 1531399)
Skye L. Perryman* (DC Bar No. 984573)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043

(202) 448-9090
kfriedl@democracyforward.org
jmorton@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

\* admitted *pro hac vice*

*Counsel for Plaintiffs*