IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WOONASQUATUCKET RIVER WATERSHED COUNCIL, *et al.*, <br><br>*Plaintiffs*, <br><br>v. <br><br>DEPARTMENT OF AGRICULTURE, *et al.*, <br><br>*Defendants*. | Case No. 1:25-cv-00097-MSM-PAS |

### MOTION TO ENFORCE

The Court has repeatedly ordered Defendant the Department of Housing and Urban Development to take steps to resume the processing and payment of awards under the Green and Resilient Retrofit Program, which provides funding for much-needed upgrades at HUD-assisted family buildings. These funds often provide critical support to keep low-income elderly residents safe in their homes. Although HUD has not come into compliance with the Court's order granting preliminary relief in the six months since that order was issued, it has now decided to halt any efforts to do so. HUD blames this on the current budget impasse in Congress, but that is no excuse for ignoring court orders. Because HUD's continued intransigence defies this Court's orders and is causing irreparable injury, the Court should take immediate steps to ensure compliance. Defendants oppose this motion.

1

## BACKGROUND

The Court has several times made clear HUD's obligations.

In its April 15 order granting Plaintiffs' motion for preliminary relief, it barred HUD and other agencies from "freezing, halting, or pausing on a non-individualized basis the processing and payment of," among other funding streams, awards under the Green and Resilient Retrofit Program. ECF No. 45 at 61. In the same order, the Court directed HUD to "take immediate steps to resume the processing, disbursement, and payment" of those funds. *Id.*

Although HUD reported that it was in compliance with that order, it later emerged that HUD had *not* resumed the processing and payment of a category of the largest GRRP awards (known as "Comprehensive" awards). *See* ECF No. 78. In response, the Court emphasized that a failure by HUD to "resume[] processing awarded GRRP loans/grants as it would in the ordinary course" would constitute "a serious violation of the Court's order." Text Order of Aug. 8, 2025. The Court then held a status conference at which it reiterated HUD's obligation to take steps to resume the processing and payment of Comprehensive awards and directed the parties to file biweekly joint status reports on HUD's progress. Minute Entry of Aug. 12, 2025.

On October 1, Defendants moved for a stay of this case and of their obligations to comply with Court-ordered deadlines, citing the ongoing lapse in appropriations. ECF No. 88. The Court denied that motion, noting the Department of Justice's own (correct) understanding that an order "den[ying] such a request" "constitute[s]

2

express legal authorization for the activity to continue." Text Order of October 10, 2025.

On October 8—prior to the Court's denial of a stay—Defendants filed a joint status report in which they revealed that, since the parties' previous report, HUD had not completed any concrete steps toward resuming the processing and payment of Comprehensive GRRP awards. ECF No. 91 at 1–2. Defendants also revealed for the first time that HUD has indefinitely ceased all such efforts and is taking no action to come into compliance with the Court's order while the current budget impasse in Congress continues. *Id.*

Earlier this week, counsel for Plaintiffs contacted government counsel to seek confirmation that, in light of the Court's order denying a stay, HUD was resuming work to come into compliance. Government counsel indicated that HUD was not undertaking any such work.

## ARGUMENT

As just detailed, the Court has repeatedly ordered HUD to take steps to resume the processing and payment of GRRP awards, including the Comprehensive awards that have remained frozen since before the Court's order granting preliminary relief. *See* ECF No. 45. Defendants to date have not—and could not—dispute that HUD is presently required by order of this Court to undertake activity necessary to unfreeze GRRP awards. Indeed, the Court has already warned that the failure to do so would constitute "a serious violation of the Court's order." Text Order of Aug. 8, 2025. But despite that warning, Defendants have stopped making any progress toward

3

compliance, and freely acknowledge that they have no plans to start again while the budget impasse continues.

There is no excuse for that failure. The government has blamed the current budget impasse. But the law is clear that government activities may continue if they are "authorized by law," 31 U.S.C. § 1342, and the Court's multiple orders on this score constitute such authorization. To the extent that any uncertainty remains, the Court's order on *this* motion would surely resolve it—and there is no reason to permit HUD to continue putting off compliance with an order entered more than six months ago, especially given the irreparable harm that has resulted. It would defy logic if courts were able to keep litigation against the government moving, but unable to enforce the orders they enter in that litigation.

Defendants' position, that the Court's order denying their stay motion authorized them to continue litigating, but did not authorize HUD to comply with the order that has resulted from litigation, makes little sense. First, the Court's April 15 order granting preliminary relief itself requires Defendants to carry out the work needed to unfreeze GRRP awards (and thus provides "express legal authorization" for that activity to continue). *See* ECF 45 at 61 (ordering HUD and other Defendants to "take immediate steps to resume the processing, disbursement, and payment" of frozen funding, including GRRP awards). While Defendants have appealed that order, they have never sought to stay it, and it remains in full force and effect. So even if Defendants were right in their interpretation of the stay ruling (they aren't), it would make no difference to their independent obligation under the Court's April

4

15 order, as well as the Court's directions at the August 12 status conference, to resume work on GRRP awards.

The point is well shown by Defendant's own actions. Even before the Court denied a stay, Defendants filed a joint status report last week, notwithstanding the ongoing lapse in appropriations. HUD and its counsel at the Department of Justice were able to engage in the activity necessary to prepare that joint status report because the report was required by the Court's August 12 minute order. In just the same way, the Court's prior orders, including its April 15 decision, require (and authorize) HUD and its counsel to continue the activity necessary to finally bring GRRP into compliance. There are no grounds for treating those orders differently. It can hardly be the case that HUD is excused from compliance with orders impacting its substantive functions, but not scheduling orders in litigation. HUD is not free to choose to comply with some of the Court's orders but not others.

Second, the Court's stay order provides an additional and independent reason that HUD is required to act now. The stay order denied Defendants' request to halt this case until normal appropriations resume, and in doing so underscored that court-ordered activity should continue. Contrary to Defendants' suggestion, it did not differentiate between Defendants' obligation to continue litigating this case and their obligation to continue meeting deadlines and other court-ordered obligations.

What's more, and as Plaintiffs previously noted in the joint status report, HUD's decision to cease efforts to comply with the Court's order during the budget impasse stands in stark contrast to the administration's willingness to make staff

5

available for certain other work. For example, the Department of Justice has estimated that 89 percent of its employees "would be excepted from furlough," *id.* at 2, and it has reportedly directed attorneys that they "should NOT seek a stay on any civil immigration matters, whether affirmative or defensive," Ben Penn, *DOJ Seeks to Continue Civil Immigration Cases in Shutdown*, Bloomberg Law (Oct. 3, 2025), https://news.bloomberglaw.com/us-lawweek/doj-seeks-to-continue-civil-immigration-cases-in-shutdown. There is no basis on which to treat compliance with the Court's order differently.

## CONCLUSION

The Court should issue an order making clear HUD's continuing obligation during the present budget impasse to resume the processing and payment of GRRP awards.

It should also require Defendants to file a supplemental status report—in addition to the biweekly reports already required—that (a) confirms that counsel have notified the appropriate officials at HUD and any other involved agency, such as the Office of Management and Budget, of their obligations to continue taking steps to process and pay these awards and (b) describes with specificity what additional efforts have been made since the parties' October 8 joint status report.

Should that supplemental status report fail to reflect any genuine effort to come into compliance, the Court should consider at that time whether a status conference or other action is appropriate.

Dated:  October 16, 2025   Respectfully submitted,

/s/ Kate Revens

Kate Revens (RI Bar No. 9078)
Miriam Weizenbaum (RI Bar No. 5182)
DeLuca, Weizenbaum, Barry & Revens
199 North Main Street
Providence, RI 02903
(401) 453-1500
kate@dwbrlaw.com
miriam@dwbrlaw.com

Kevin E. Friedl* (DC Bar No. 90033814)
Jessica Anne Morton* (DC Bar No. 1032316)
Robin F. Thurston* (DC Bar No. 1531399)
Skye L. Perryman* (DC Bar No. 984573)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kfriedl@democracyforward.org
jmorton@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

* admitted *pro hac vice*

7

## CERTIFICATE OF SERVICE

On October 16, 2025, I caused the foregoing and accompanying materials to be served on all Defendants through the CM/ECF system.

/s/ Kate Revens
Kate Revens