IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WOONASQUATUCKET RIVER WATERSHED COUNCIL, *et al.*, <br><br> *Plaintiffs*, <br><br> v. <br><br> DEPARTMENT OF AGRICULTURE, *et al.*, <br><br> *Defendants*. | Case No. 1:25-cv-00097-MSM-PAS |

### REPLY IN SUPPORT OF MOTION TO ENFORCE

Defendants' response seeks to blame the lapse in appropriations for HUD's own intransigence and months-long delays in coming into compliance with the Court's orders. That argument has no basis in the law, and the Court should not countenance HUD's continued efforts to slow-walk its compliance.

Defendants present the Anti-Deficiency Act as an insuperable barrier to its continuing to work. But that statute permits work *either* that is "authorized by law" *or* is "for emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. These are two separate, independent bases for continuing work, and it is not within HUD's power to read the first out of the statute. This Court has, through orders in this case, "authorized" HUD, "by law," to resume the processing and payment of GRRP awards. *See* ECF No. 45, at 61; Text Order of Oct. 10, 2025; *see also* Tr. of Aug. 13, 2025 Status Conf. at 15–16 ("[Y]ou can't slow walk this forever. . . . [I]t needs to be moved along.")

1

Defendants suggest (at 2) that the Court has not, since the lapse in appropriations, ordered HUD specifically to move forward with compliance. It did not need to. The Court's orders apply to Defendants and constitute authorization to work regardless of whether they were entered before or after October 1, as shown by the government's own actions in filing a joint status report pursuant to an order entered before October 1. *See* ECF No. 91; *see also* ECF No. 92, at 5.

Finally, Defendants argue (at 3–4) that they have discretion *how* to come into compliance with the Court's order, and that such discretion justifies HUD's unilateral choice to go indefinitely and entirely pens down. Defendants are incorrect. As Defendants themselves recognize, ECF No. 95, at 3, the Court has already had to warn HUD against "intentional[] delay" and "slow walk[ing]" compliance efforts. Tr. of Aug. 13, 2025 Status Conf. at 15. Whatever discretion HUD may have over how to come into compliance with the Court's orders does not include the discretion to simply choose to stop trying to come into compliance at all.

HUD's attitude toward GRRP awards contrasts markedly with the government's decisions to continue work on *other* agency actions that do not appear to meet the government's stated standards for an "emergency." For example, the government has been developing and promulgating rules with respect to the methodology for using data to calculate certain wage rates, eligibility for SNAP benefits, and terminating family reunification parole processes. *See, e.g., Adverse Effect Wage Rate Methodology for the Temporary Employment of H-2A Nonimmigrants in Non-Range Occupations in the United States*, 90 Fed. Reg. 47,914

(Oct. 2, 2025) (interim final rule); *Termination of Family Reunification Parole Processes for Colombians, Cubans, Ecuadorians, Guatemalans, Haitians, Hondurans, and Salvadorans*, RIN 1615-ZC12 (sent from agency to Office of Management & Budget for review Oct. 27, 2025), https://www.reginfo.gov/public/Forward?SearchTarget=RegReview&textfield=1615-zc12&Image61.x=0&Image61.y=0; *Supplemental Nutrition Assistance Program: Reforming Categorical Eligibility*, RIN 0584-AF10 (sent from agency for OMB review Oct. 24, 2025), https://www.reginfo.gov/public/Forward?SearchTarget=RegReview&textfield=584-af10&Image61.x=0&Image61.y=0.  The government should not be permitted to use the lapse in appropriations to move forward with agency work it likes while ignoring court orders it does not.

Dated:  October 31, 2025           Respectfully submitted,

/s/ Miriam Weizenbaum

Miriam Weizenbaum (RI Bar No. 5182)
DeLuca, Weizenbaum, Barry & Revens
199 North Main Street
Providence, RI 02903
(401) 453-1500
miriam@dwbrlaw.com

Kevin E. Friedl* (DC Bar No. 90033814)
Jessica Anne Morton* (DC Bar No. 1032316)
Robin F. Thurston* (DC Bar No. 1531399)
Skye L. Perryman* (DC Bar No. 984573)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043

        (202) 448-9090  
        kfriedl@democracyforward.org  
        jmorton@democracyforward.org  
        rthurston@democracyforward.org  
        sperryman@democracyforward.org  

\* admitted *pro hac vice*

**CERTIFICATE OF SERVICE**

On October 31, 2025, I caused the foregoing and accompanying materials to be served on all Defendants through the CM/ECF system.

/s/ Miriam Weizenbaum
Miriam Weizenbaum