UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WOONASQUATUCKET RIVER WATERSHED COUNCIL, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF AGRICULTURE, *et al.*,<br><br>Defendants. | Civil Action No. 1:25-cv-97 (MSM) |

**JOINT STATUS REPORT**

*Report from Defendants*

Defendants submit the status report pursuant to the Court's Minute Entry of August 13, 2025, as well as the Court's Text Order of November 4, 2025, which directed Defendants to "both (1) confirm that counsel have notified the appropriate officials at HUD and any other involved agency of their obligations to continue taking steps to process and pay these awards; and (2) describe with specificity what additional efforts have been made since the parties October 8 joint status report." With respect to (1), the undersigned counsel hereby certifies that they have notified the appropriate officials at HUD of yesterday's order and what it requires.

With respect to (2), as previously noted in joint status reports to the Court, *see* Dkt. 91, 93, at midnight on September 30, the Federal Government's spending authority expired, most HUD staff were placed on furlough status, and most HUD activities were suspended. The Department's lapse plan did not authorize any work on the Green and Resilient Retrofit Program ("GRRP"). In the absence of language

the Department understood to authorize work on GRRP transactions, the Department suspended continued review of the draft Notice and suspended work on GRRP transactions. However, since October 8 (and dating back further to the beginning of the lapse in appropriations), the Department has worked on GRRP closings when they were ancillary to or necessary preconditions to "excepted activities," such as excepted closings of FHA-insured loans (which are permitted to proceed if a firm commitment to close was issued prior to September 30) or excepted Rental Assistance Demonstration closings (which are permitted to proceed if a conditional approval to close was issued prior to September 30 or if otherwise necessary to protect life or property). Some GRRP closings have occurred during the lapse in appropriations to date. Further, the Department has made payments during the lapse on valid construction draw requests with respect to closed GRRP transactions that are in construction.

Pursuant to the Court's Text Order of November 4, 2025, the Department reports that it understands that its work on GRRP is to be more expansive and is to include continued review and negotiation of the draft revised GRRP Notice which has been in departmental clearance since September 10. The Office of Recapitalization has provided notice to staff who would review feedback from the clearance commenting offices that work on the Notice is now an excepted activity and that they should plan to work on the Notice as soon as the feedback is received. They have been instructed to work starting tomorrow Thursday, November 6 (today was spent notifying appropriate staff of their reinstatement to work on GRRP). Staff have

confirmed their availability and will be standing by to receive comments. In practice it may not be until later if feedback from commenting offices has not been received by tomorrow. In addition, the Office of Recapitalization has immediately resumed work on GRRP transactions that are approaching key deadlines and have begun reviewing the status of GRRP transactions in our pipeline to identify those that have submitted materials for review and to determine necessary staffing for those reviews. Regarding the commenting offices, HUD's Office of General Counsel and the Office of Recapitalization have notified commenting offices of the need to provide their clearance comments promptly, and that this constitutes exempted work.

*Report from Plaintiffs*

Plaintiffs, other award recipients, and members of their communities continue to suffer irreparable harm as they wait for HUD to come into compliance with this Court's April 15 order. Although Plaintiffs welcome the news that HUD staff will continue work on the Notice starting tomorrow, Plaintiffs note that Defendants have not set forth a timeline on which HUD expects to hit the milestones it had described in previous status reports, *see, e.g.*, Dkt. 86. Because comments were originally due October 1—the very first day of the budget impasse—it should take no more than one day for HUD to obtain those comments.

Plaintiffs therefore believe that biweekly status reports continue to be necessary. Based on Defendants' prior reports, Plaintiffs expect that by the time of the next report, HUD should be in a position to state whether HUD intends to undertake a "re-clearance" process, whether HUD believes the Notice needs to be

submitted to the Office of Management and Budget for review, and the likely timeline going forward.  This information is essential for the Court to confirm HUD is no longer slow-walking compliance with its order.


Dated: November 5, 2025                Respectfully submitted,

                                       BRETT A. SHUMATE
                                       Assistant Attorney General
                                       Civil Division

                                       ALEXANDER K. HAAS
                                       Director
                                       Civil Division, Federal Programs Branch

                                       JOSEPH BORSON
                                       Assistant Director
                                       Civil Division, Federal Programs Branch

                                       */s/ Eitan R. Sirkovich*
                                       EITAN R. SIRKOVICH
                                       CHRISTOPHER M. LYNCH
                                       Trial Attorneys
                                       United States Department of Justice
                                       Civil Division, Federal Programs Branch
                                       1100 L Street NW
                                       Washington, DC 20530
                                       Tel.: (202) 353-4537
                                       Email: christopher.m.lynch@usdoj.gov

                                       *Counsel for Defendants*

                                       /s/ Miriam Weizenbaum

                                       Miriam Weizenbaum (RI Bar No. 5182)
                                       DeLuca, Weizenbaum, Barry & Revens
                                       199 North Main Street
                                       Providence, RI 02903
                                       (401) 453-1500
                                       miriam@dwbrlaw.com

Kevin E. Friedl* (DC Bar No. 90033814)
Jessica Anne Morton* (DC Bar No. 1032316)
Robin F. Thurston* (DC Bar No. 1531399)
Skye L. Perryman* (DC Bar No. 984573)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kfriedl@democracyforward.org
jmorton@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

* admitted *pro hac vice*

*Counsel for Plaintiffs*