UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WOONASQUATUCKET RIVER WATERSHED COUNCIL, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>DEPARTMENT OF AGRICULTURE, *et al.*,<br><br>Defendants. | Civil Action No. 1:25-cv-97 (MSM) |

**JOINT STATUS REPORT**

*Report from Defendants*

Defendants submit the status report pursuant to the Court's Minute Entry of August 13, 2025, as well as the Court's Text Order of November 4, 2025. Following the Court's order of November 4, the Department of Housing and Urban Development (HUD) resumed work on the revision of the GRRP Notice notwithstanding the lapse in appropriations. The Department has since returned to normal operating status due to the enactment on November 12 of the Continuing Resolution to fund the Department through January 30, 2026.

With respect to the draft revision of the GRRP Notice, the Office of Recapitalization has received and reviewed the clearance comments provided by peer offices, has held phone discussions with the commenting offices to clarify their comments and to explore potential resolutions to their comments, and has made edits to the draft Notice based on these discussions. The Office of Recapitalization circulated on November 18 a revised draft which seeks to address the concerns which

commenting offices raised and is waiting for their confirmation that their non-concurrence concerns have been addressed. Given the extent and nature of the comments received, the Office of Recapitalization does not believe a re-clearance process will be necessary.

Upon confirmation that the commenting offices' concerns have been addressed, the Office of Recapitalization will seek final comments from the Office of the Secretary and the Office of the Deputy Secretary. Pursuant to longstanding practice, both of these Offices provide their comments and/or approval after all subordinate Offices' concerns have been resolved, and their review typically requires one to two weeks. If there is additional follow-up work for the Office of Recapitalization resulting from their review, it typically will be completed within a week.

At this point, a determination will be made whether review by the Office of Management and Budget (OMB) is required. If it is required, the timeline of OMB review and the iterative process between the two agencies is highly context dependent and can range from multiple weeks to months. Following OMB review, final signature and implementation will take one to two weeks.

The Office of Recapitalization notes that all of the above timelines are only estimates based on past experience.

*Report from Plaintiffs*

Defendants' report provides no date by which HUD expects to complete its

revisions to the GRRP Notice—let alone when OMB might complete its review of those revisions, should that review be necessary. What specifics the report does provide on timing reveal that the revisions may take "months" more to complete. It took less than three months to clear and publish the original version of the Notice HUD is now revising, see Dkt. 80-1 ¶ 22, and it has now been more than three months since the Court made clear HUD's obligation to act expeditiously to release Comprehensive GRRP awards, *see* Tr. of Aug. 13, 2025 Status Conf. at 15–16 ("[Y]ou can't slow walk this forever. . . . [I]t needs to be moved along.").

It is past time for HUD to complete its revisions—a process that (HUD contends) is necessary only because of HUD's own actions in precipitously terminating contracts with certain key service providers. *See* Dkt. 80-1 ¶¶ 15, 20–24. The Court should take steps to ensure HUD is not slow-walking its efforts to come into compliance with the Court's April 15 order granting preliminary relief. Such steps might include, for example, requiring HUD to clarify in the next status report whether it expects OMB review will be required, provide the basis for that determination, provide a date by which it will complete the revisions (including OMB review), and provide specific details as to why any of this cannot be accomplished if that is Defendants' position.

Dated: November 19, 2025    Respectfully submitted,

                                        BRETT A. SHUMATE
                                      Assistant Attorney General
                                      Civil Division

ALEXANDER K. HAAS
Director
Civil Division, Federal Programs Branch

JOSEPH BORSON
Assistant Director
Civil Division, Federal Programs Branch

<u>*/s/ Eitan R. Sirkovich*</u>
EITAN R. SIRKOVICH
CHRISTOPHER M. LYNCH
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel.: (202) 353-5525
Email: eitan.r.sirkovich@usdoj.gov

*Counsel for Defendants*

<u>/s/ Miriam Weizenbaum</u>

Miriam Weizenbaum (RI Bar No. 5182)
DeLuca, Weizenbaum, Barry & Revens
199 North Main Street
Providence, RI 02903
(401) 453-1500
miriam@dwbrlaw.com

Kevin E. Friedl* (DC Bar No. 90033814)
Jessica Anne Morton* (DC Bar No. 1032316)
Robin F. Thurston* (DC Bar No. 1531399)
Skye L. Perryman* (DC Bar No. 984573)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kfriedl@democracyforward.org
jmorton@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

-4-

-5-

\* admitted *pro hac vice*

*Counsel for Plaintiffs*