UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WOONASQUATUCKET RIVER WATERSHED COUNCIL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF AGRICULTURE, *et al.*, <br><br> Defendants. | Civil Action No. 1:25-cv-97 (MSM) |

**JOINT STATUS REPORT**

*Report from Defendants*

Defendants submit the status report pursuant to the Court's Minute Entry of August 13, 2025, as well as the Court's Text Order of November 4, 2025. Since the November 19 Joint Status Report, the Office of Recapitalization has secured clearance approval from all programmatic offices. On November 25, the Office of the Secretary and the Office of the Deputy Secretary received the revised document for their review. Pursuant to longstanding practice, these Offices provide their comments and/or approval after all subordinate Offices' concerns have been resolved, and their review typically requires one to two weeks. If there is additional follow-up work for the Office of Recapitalization resulting from their review, it typically will be completed within a week. The Office of Recapitalization is seeking a determination of whether review by the Office of Management and Budget (OMB) is required but has not secured that decision.

*Report from Plaintiffs*

More than seven months since the Court entered its original order, and nearly four months since Plaintiffs brought HUD's lack of compliance to the Court's attention, HUD still is not in compliance—and provides no date by which it expects to be. The Court should not countenance this "slow walk[ing]." *See* Tr. Of Aug. 13, 2025 Status Conf. at 15–16. Indeed, the original GRRP notice took less than three months from the start of the clearance process through publication. *See* Dkt. 80-1 ¶ 22. Here, HUD has already taken longer to achieve far less.

This delay carries significant consequences for GRRP Comprehensive recipients and those they serve. As Plaintiffs have made clear in prior filings, an inability to move forward with already awarded funding delays much-needed health and safety upgrades for vulnerable residents, particularly those who are elderly. HUD's delay in processing already awarded grants is a delay in upgrading HVAC systems, in insulating drafty windows, in protecting pipes from freezing and roofs from storm damage, in providing seniors with safe places to call home. *See* Dkt. 78 & 78-2.

For some GRRP Comprehensive recipients, even a small further delay from HUD will have lasting consequences. As an organization of nonprofit aging services providers recently explained, some properties that received GRRP Comprehensive grants "rely[] on a combined preservation strategy leveraging both" GRRP and HUD's Rental Assistance Demonstration. *See* Juliana Bilowich, *Urgency for HUD's Release of GRRP-C Guidance Grows; Impacts of Funding Delays on Property Preservation*

*Feasibility*, LeadingAge (Dec. 3, 2025), https://perma.cc/8ZAX-CS9P. Properties' RAD submissions carry an April 30, 2026 deadline. *Id.* Although this may sound far away, these submissions "take months to develop." *Id.* As LeadingAge explained, "[f]or properties pursuing combined preservation strategies using GRRP and RAD, the lack of a clear path forward for the GRRP-related property upgrades leaves owners unable to define what improvements will be required or possible, and they cannot obtain the pricing needed for a complete RAD submission." *Id.* As a result, HUD's "lack of clarity is leaving organizations scrambling and increasing the risk that they will miss the April 30, 2026 deadline." *Id.*

HUD's delay has also negatively impacted GRRP Comprehensive awardees who had planned to use that funding in conjunction with Low Income Housing Tax Credits. *See id.* Applications to state housing agencies likewise require "scope of work and construction pricing," which requires "align[ment]" with the GRRP Comprehensive awards. *See id.* LeadingAge reports that "[i]n some cases, GRRP awardees have already had to 'walk away' from millions in funding awarded by HUD and leveraged through other sources because they have missed the state's LIHTC deadline due to the ongoing legal limbo associated with the GRRP financing." *Id.* And "LeadingAge continues to hear from GRRP awardees that have already been forced to abandon the funds legally obligated to them by HUD due to the agency's delays." *Id.* In sum: by slow walking compliance, HUD is effectively frustrating the ultimate relief.

In today's status report, Defendants state that the Office of the Secretary and

Office of the Deputy Secretary received the revised guidance for review on November 25, and that their review should take one to two weeks. The December 9 status conference the Court has scheduled will mark two weeks. At the status conference, Defendants should be able to confirm that the guidance has been approved and confirm whether it is seeking OMB review. (If so, Defendants should be required to explain why that review is necessary, and not yet another attempt to delay compliance.) If Defendants are not able to provide a reasonable date certain by which HUD will come into full compliance, the Court should consider requiring testimony from HUD witnesses to explain why not.

Dated: December 3, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director
Civil Division, Federal Programs Branch

JOSEPH BORSON
Assistant Director
Civil Division, Federal Programs Branch

*/s/ Eitan R. Sirkovich*
EITAN R. SIRKOVICH
CHRISTOPHER M. LYNCH
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel.: (202) 353-5525

Email: eitan.r.sirkovich@usdoj.gov

*Counsel for Defendants*

/s/ Miriam Weizenbaum

Miriam Weizenbaum (RI Bar No. 5182)
DeLuca, Weizenbaum, Barry & Revens
199 North Main Street
Providence, RI 02903
(401) 453-1500
miriam@dwbrlaw.com

Kevin E. Friedl* (DC Bar No. 90033814)
Jessica Anne Morton* (DC Bar No. 1032316)
Robin F. Thurston* (DC Bar No. 1531399)
Skye L. Perryman* (DC Bar No. 984573)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kfriedl@democracyforward.org
jmorton@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

* admitted *pro hac vice*

*Counsel for Plaintiffs*