UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WOONASQUATUCKET RIVER WATERSHED COUNCIL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF AGRICULTURE, *et al.*, <br><br> Defendants. | Civil Action No. 1:25-cv-97 (MSM) |

**JOINT STATUS REPORT**

*Report from Defendants*

Since the Status Conference held on January 5, 2026, Defendants submitted the Affidavit of Thomas R. Davis, *see* ECF No. 102, which described the remaining steps before publication of the amended Housing Notice. HUD transmitted its full response to comments to OMB on January 13, 2026. This was slightly delayed from the anticipated January 12 date referenced in the Affidavit (*see id.* ¶4), as HUD had further discussions with OMB on the 12th and 13th. HUD is awaiting OMB's determination on whether the cumulative HUD responses address the issues raised during the interagency review. If OMB confirms that the interagency review is complete, the Office of Recapitalization will begin the signature process leading to publication. As the Thomas Affidavit attests, OMB expects that interagency review will "pose no obstacle to HUD's posting of the notice by February 15, 2026." *Id.* ¶5.

*Report from Plaintiffs*

HUD reports that it will take another full month to comply with this Court's

-1-

April 15, 2025 order. And three weeks of that month will be devoted merely to OMB deciding if interagency review is complete. HUD offers no explanation for why OMB—also a defendant in this case—would require so long to take this step, particularly while irreparable harm continues to accrue, *see, e.g.*, Dkt. 99 at 2–3.

Furthermore, Plaintiffs note that Mr. Davis's affidavit describes the draft amended notice as not only "remov[ing] the barriers to implementation of the Comprehensive Awards," but also "mak[ing] other policy changes to the Program consistent with the Statute and the policy priorities of the Administration." Dkt. 102 ¶ 2. It appears that HUD may have delayed compliance with the Court's order to serve its own policymaking goals—an inexcusable effort to "slow walk" compliance, *see* Tr. of Aug. 13, 2025 Status Conf. at 15–16, and perpetuate the irreparable harm Plaintiffs have suffered these many months.

Dated: January 14, 2026                      Respectfully submitted,

                                                                    BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director
Civil Division, Federal Programs Branch

JOSEPH BORSON
Assistant Director
Civil Division, Federal Programs Branch

*/s/ Eitan R. Sirkovich*
EITAN R. SIRKOVICH
CHRISTOPHER M. LYNCH

Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel.: (202) 353-5525
Email: eitan.r.sirkovich@usdoj.gov

*Counsel for Defendants*

/s/ Miriam Weizenbaum

Miriam Weizenbaum (RI Bar No. 5182)
DeLuca, Weizenbaum, Barry & Revens
199 North Main Street
Providence, RI 02903
(401) 453-1500
miriam@dwbrlaw.com

Kevin E. Friedl* (DC Bar No. 90033814)
Jessica Anne Morton* (DC Bar No. 1032316)
Robin F. Thurston* (DC Bar No. 1531399)
Skye L. Perryman* (DC Bar No. 984573)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kfriedl@democracyforward.org
jmorton@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

* admitted *pro hac vice*

*Counsel for Plaintiffs*