UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WOONASQUATUCKET RIVER WATERSHED COUNCIL, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> DEPARTMENT OF AGRICULTURE, *et al.*, <br><br> Defendants. | Civil Action No. 1:25-cv-97 (MSM) |

**JOINT STATUS REPORT**

*Report from Defendants*

Since publication of HUD's amended Housing Notice 2026-01 on January 26, 2026, HUD has launched several efforts to help awardees learn about and quickly adjust to the changes in program requirements, and ultimately to implement their awards successfully.  As the first step in this effort, HUD conducted two webinars – one for Elements and Leading Edge awardees on February 10, 2026, and one for Comprehensive awardees on February 19, 2026.  The Elements/Leading Edge webinar had approximately 40 non-HUD participants.  The Comprehensive webinar had 115 non-HUD participants, representing 88 of the 101 awardees.  In addition, HUD has scheduled weekly office hours to answer awardees' questions through March 25, 2026, and will extend the series if demand warrants it.  Questions can also be addressed to GRRP@HUD.gov, which is actively monitored.  The webinars, office hours, and email Q&A are a reprise of methods used to support applicants and awardees prior to January 2025, methods which received extensive positive feedback

-1-

from stakeholders regarding HUD's availability and the quality of information dissemination. In addition, HUD is in the final drafting stage of four written guidance documents for the Comprehensive cohort awardees. These guidance documents are an awardee/owner guide, technical guidance on completing the capital needs assessment, technical guidance on completing the risk mitigation assessment, and guidance on the applicability of Build America Buy America requirements. HUD is currently refining the technical assistance strategy which will likely include targeted subject-based training (e.g., on environmental reviews), direct technical assistance to awardees who reach out to the GRRP email inbox, and peer-to-peer learning opportunities. Once these initiatives are launched, HUD will be evaluating their impact and determining what other measures may be appropriate.

In the previous Joint Status Report, Plaintiffs asserted a "timing crisis" for awardees and stated "it will be difficult for recipients to meet the statutory deadline for disbursement of funds." The statute has an obligation deadline of September 30, 2028, after which HUD has an additional five years, until September 30, 2033, to expend the funds.[1] HUD has obligated all the Elements, Leading Edge, and Comprehensive awards, so HUD has already met the 2028 statutory deadline. In practical terms, allowing several weeks for HUD to review requisitions and to process funding requests, the awardees have until early summer 2033 to complete

---

[1] To the extent Plaintiffs attempt to fault Defendants for waiting "weeks after Plaintiffs raised this issue," to advise them of the five-year period, Defendants submit that the Parties are equally capable of familiarizing themselves with the governing federal appropriations law, *see* 31 U.S.C. § 1552–53.

construction and request disbursement.  Therefore, awardees have roughly seven-and-a-half years before the deadline to draw down the funds.  Some of the award letters, drafted when HUD had the authority to re-obligate unused funds, set an earlier deadline so that if awardees did not need the full amount of the funds reserved for them prior to the development of their scope of work and transaction structure, any re-obligation could occur before the September 30, 2028, obligation deadline.  The dates in the award letters can be modified, and, given the interruptions to implementation in 2025 and the timelines referenced in the newly published Notice, HUD will set revised deadlines in each project's closing documents.  Based on reasonable project timelines, HUD is confident the awardees have ample time to requisition and receive their awards before the funds expire.

The Plaintiffs also requested that HUD indicate when Comprehensive funding has begun to be disbursed.  The Comprehensive award funds are available subject to the procedures described in the Notice.  For example, before submitting requisitions for funds, the Comprehensive awardees must evaluate the condition and needs of their properties, submit a proposed scope of work and other documents for HUD review to ensure program compliance, and execute legal documents.  These processing requirements and the time anticipated to complete them are generally parallel between the new and old Notices, even if the parties responsible for specific tasks have changed.  The Comprehensive awardees can immediately begin work towards these milestones, and they control the pace of progress; however, these prerequisites to disbursement will likely take some months for awardees to complete.

Finally, for the third consecutive status report, Plaintiffs attempt to force Defendants to litigate Plaintiffs' baseless view that HUD's policy considerations made during the amendment process warrant sanctions or contempt. *Infra* at 4. As stated before, "Defendants will not litigate the merits of Plaintiffs' accusations in a status report. If and when they choose to proceed in the appropriate manner, Defendants are prepared to defend against their baseless request." Joint Status Rep., ECF No. 104 (Jan. 28, 2026).

*Report from Plaintiffs*

Plaintiffs appreciate HUD's clarification, which HUD now provides weeks after Plaintiffs raised this issue, that GRRP awardees will have an additional five years, until September 30, 2033, to expend awarded funds. HUD still has not, however, in any way addressed its decision to delay compliance with the Court's order to make unrelated policy changes to GRRP, such as converting all Comprehensive grants to loans and rendering them ineligible for certain uses (such as solar energy). *See* Dkt. 104 at 5; Dkt. 107 at 2. Plaintiffs restate their prior position that these deficiencies may justify further proceedings to investigate whether sanctions or a contempt inquiry are appropriate. And Plaintiffs likewise restate their prior position that, because the Court ordered these status reports in order to know "where we are in the process of restarting [GRRP Comprehensive] funding" and "complying with [the Court's] order," Tr. of Aug. 13, 2025 Status Conf. at 26–27, the government should indicate in future reports whether and when Comprehensive funding has actually

begun to be disbursed.

Dated: February 25, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ALEXANDER K. HAAS
Director
Civil Division, Federal Programs Branch

JOSEPH BORSON
Assistant Director
Civil Division, Federal Programs Branch

*/s/ Eitan Sirkovich*
EITAN R. SIRKOVICH
CHRISTOPHER M. LYNCH
Trial Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel.: (202) 353-5525
Email: eitan.r.sirkovich@usdoj.gov

*Counsel for Defendants*

/s/ Miriam Weizenbaum

Miriam Weizenbaum (RI Bar No. 5182)
DeLuca, Weizenbaum, Barry & Revens
199 North Main Street
Providence, RI 02903
(401) 453-1500
miriam@dwbrlaw.com

Kevin E. Friedl* (DC Bar No. 90033814)
Jessica Anne Morton* (DC Bar No. 1032316)
Robin F. Thurston* (DC Bar No. 1531399)

-5-

Skye L. Perryman* (DC Bar No. 984573)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
(202) 448-9090
kfriedl@democracyforward.org
jmorton@democracyforward.org
rthurston@democracyforward.org
sperryman@democracyforward.org

* admitted *pro hac vice*

*Counsel for Plaintiffs*